## Fox *against* Vanderbeck.

SLANDER, tried at the Cayuga circuit, on the 9th of September, 1824 before THROOP, C. Judge.

On the trial, the plaintiff abandoned all the parts of his declaration, except those in which the defendant was alleged to have charged him with having committed perjury.

The words charged in the first count were, " *you are per-*

*Where one interrupted another, who was giving his testimony, as a witness before a justice ; required the justice to be particular in*

keeping minutes of the testimony ; afterwards demanded the minutes of the he wanted them to prosecute the witness for perjury ; and on another occasion said the witness swore false, or to what was not true ; and that he thought he should prosecute him for perjury ; held, that these words were actionable as imputing the crime of perjury.

The witness brought an action for the above words ; and declared in his first count, that the defendant said, " you are perjured ; and I will put you into the state prison ;" in the second, " he has sworn false, and perjured himself ; and I will put him into the state prison ," in another, " he swore to an absolute falsehood ; and has perjured himself ;" held, that the proof did not support either of these counts.

In slander, the words must be proved as laid ; and it is not sufficient to prove equivalent words. Words to the same effect are not the same words.

The plaintiff need not prove all the words on the record but he must prove so much of them, as will be sufficient to sustain his cause of action.

The words in which the slander is conveyed must be stated in the declaration ; and substantially proved.

NEW YORK,
May, 1826.

Fox
v.
Vanderbeck

*jured,* and I will put you into the state prison ;" in the second, " he has sworn false, *and perjured himself,* and I will put him into the state prison ;" in the fourth, " he swore to an absolute falsehood, *and he has perjured himself."*

The only proof of speaking the words, was by E. Branch, a witness for the plaintiff; who testified that he was present at an examination for felony, before G. Morse, Esq., a justice, on which the plaintiff was sworn as a witness. That while testifying, the defendant interrupted and contradicted him ; and told him it was not so. That the defendant was particular in requiring Morse to keep the minutes of the plaintiff's testimony ; and demanded them afterwards. He thought the plaintiff said *he wanted them to prosecute for perjury ;* that it carried that idea to him. The witness afterwards had a conversation with the defendant relative to the plaintiff's testimony ; in which, he thought the defendant told him, and that *he thought he should prosecute the plaintiff for perjury.*

Morse, the justice, was sworn for the plaintiff; and testified that the defendant called on him for his minutes ; and said *he wanted them to go to some lawyer, to prosecute the plaintiff.*

The defendant moved for a nonsuit, on the ground that the declaration of the defendant, that he thought he should commence a suit for perjury against the plaintiff, did not support the charge of perjury, or, at all events, that it did not support the charge, as laid in the declaration. The judge overruled the motion ; and charged the jury, that if they were satisfied that the defendant said that *he should commence a suit against the plaintiff for perjury,* it amounted to a charge of perjury ; and would entitle the plaintiff to recover. To this opinion and charge, the defendant, excepted. Verdict for the plaintiff.

A motion was now made, in behalf of the defendant, for a new trial.

*F. G. Jewett,* in support of the motion, cited Cro. Eliz. 279; 7 Taunt. 431; 3 Cowen 231; 1 Bulstr. 40; Hob.

177 ; 4 Rep. 15, a. to show that the words proved were not actionable ; and to show, that if actionable, they did not support the declaration, he cited 3 M. &. S. 110 ; 2 East, 434 ; 8 T. R. 150 ; 4 id. 217.

*J. Hussey*, contra, cited 8 John. Rep. 75.

Several points were also made by the defendant's counsel, which did not appear upon the bill of exceptions to have arisen at the trial.

*Curia*, per SUTHERLAND, J. The words proved are actionable. They are calculated to convey to the mind of an ordinary hearer, the imputation upon the plaintiff of the crime of perjury. In *Roberts* v. *Camden*, (9 East, 93,) the words were, "he is under a charge of prosecution for perjury. G. Williams had the attorney general's directions to prosecute for perjury." Upon a motion in arrest of judgment, these words were held to amount to a charge of perjury ; that being the plain and popular sense in which the hearers would naturally understand them. All the cases are there considered. (And vid. *Goodrich* v. *Wolcott*, 3 Cowen, 231, and the cases there cited ; and *Miller* v. *Miller*, 8 John. 74.)

But the words, as proved, do not support the declaration. They must be proved substantially as stated. All the words need not be proved ; but it is enough to prove some material part of them. The rule is correctly stated in 2 Phil. Ev. 97 : "The words which are proved, must be proved as laid ; and it will not be sufficient to prove equivalent words of slander. Words to the same effect are not the same words. The plaintiff need not prove all the words on the record ; yet he must prove so much of them as will be sufficient to sustain his cause of action." (2 East, 434, 438. Bull. N. P. 5. 4 T. R. 218. 8 T. R. 150. The words in which the slander was conveyed, must be stated in the declaration ; and it must be substantially proved. (*Cook* v. *Cox*, 3 M. & S. 110.) In *Miller* v. *Miller*, (8 John. 75,) the court say, it is now sufficient to prove the substance of the word : and the sense as well as man-

ner must be the same. There the substantial words char-
ged to have been spoken were proved ; though not all the
words charged.

The other points made by the defendant's counsel do not
properly arise in this case. This is a bill of exceptions,
simply presenting the question, whether the judge erred in
refusing to nonsuit the plaintiff; and in his charge to the
jury. I am of opinion, that. he did err in these respects ;
and that a new trial should be granted.

New trial granted.