WILLIAM T. SPENCER, Appellant, *v.* WILLIAM F. MCMASTERS *et ux.*, Appellee.

APPEAL FROM STEPHENSON.

In actions for slander, the jury are to determine, from all the circumstances, what damages ought to be given, and are not confined to mere pecuniary loss or injury ; and unless the jury acted from prejudice, partiality or corruption, the verdict should not be disturbed.

Under our statute, it is erroneous to refuse to instruct the jury, that to falsely utter and publish of and concerning a woman, words which impute to her adultery, actionable.

In actions for oral slander, it is sufficient to set out the words that are material, and it is not necessary to state words which may qualify the objectionable ones.

In an action for the slander of a wife, it is not necessary to prove that the parties were husband and wife at the time of the slander, if it appears that they were married when the suit was brought.

A plea of justification, in a case for slander, with all the circumstances attending its use, is proper for the consideration of the jury in determining upon the questions of malice and damage.

THE sixth instruction asked for by defendant, which was refused, and which is referred to in the opinion of the court, is as follows: The words, " you came here to defend these two old worn out whoring bitches, who have shaken their shirt-tails at every man in Stephenson county, and I can prove it," are not slanderous. The other facts are stated in the opinion of the court.

The cause was heard before SHELDON, Judge, and a jury, at November term, 1854, of the Stephenson Circuit Court.

T. J. TURNER, for Appellant.

GLOVER and COOK, for Appellees.

SKINNER, J. William McMasters and wife sued Spencer, in the Stephenson circuit court, in case for words spoken of McMasters' wife.

Spencer plead the general issue, and also filed a special plea of justification, averring the truth of the words. McMasters and wife replied *de injuria*, and issue to the country was formed.

Spencer moved for a continuance on his affidavit, averring the truth of his plea of justification, and his expectation to be able to prove the same, and the cause was continued. At the next term, a jury was sworn to try the issue, and Spencer moved the court for leave to withdraw his plea of justification, to which the plaintiff below objected, and the court refused leave, and Spencer excepted.

The jury found defendant guilty, and assessed the plaintiff's damages at $400.

Instructions were given on both sides, but as no exception was taken to the rulings of the court on this point, they need not be noticed.

Spencer moved for a new trial, assigning for cause that the damages are excessive ; that the court erred in refusing to give the sixth instruction asked for by Spencer, and that the evidence does not justify the verdict. The court overruled the motion, and Spencer excepted.

The damages are not excessive. In actions for slander, the jury are to determine, from all the circumstances of the case, what damages ought to be given, and they are not confined in their determination to mere pecuniary loss or injury ; and unless the damages are such as to satisfy the court that the jury acted from prejudice, partiality or corruption, the verdict should not be disturbed. 2 Starkie on Slander, 105 ; *Coleman* v. *Southwick*, 9 Johns. R. 51 ; *McNamara* v. *King*, 2 Gil. 432.

The instruction refused is not the law. It assumes that, to falsely utter and publish of and concerning a woman, words which clearly and unequivocally impute to her adultery, is not actionable *per se.* However this may have been at common law, the statute expressly gives the action. R. S. 521, Sec. 1. Does the evidence sustain the verdict ?

Numerous sets of actionable words are alleged in the declaration, and it was necessary, only, to prove one of these sets of words, or counts, to justify the verdict.

One of them is as follows : " You (the said Robert McMasters meaning) come here to defend these two (the said Martha, wife of the said William F. McMasters, as aforesaid, and said Ann Copper meaning) old worn out whoring bitches, who have shaken their shirt-tails at every man in Stephenson county, and I (the said William Spencer meaning) can prove it."

Robert McMasters testified to the speaking by Spencer of the same identical words, with the addition between the word " you" and the words " come here," of the words " God damned son of a bitch."

The identical words alleged were proven, but with the addition of words relating to another person, and having no connection with, or reference to, the charge against McMasters' wife.

The rule laid down by Starkie is this : With respect to variances from *omission*, (that is, omission to allege in the count, all the words spoken), it seems, in case of oral slander, to be sufficient to set out *the words which are material*, and it is not even necessary to state words which may qualify the objectiona-

Spencer *v.* McMasters et ux.

ble ones. 1 Starkie on Slander, 375. In this case, the omitted words are wholly immaterial to the charge.

In a very early case, the rule in oral slander is laid down to be, that though the plaintiff declare of *fewer* words than the defendant spoke, yet, he declaring *truly* that the defendant spoke those words, upon the evidence, it appearing that he spoke those words which were actionable, and additional words which do not diminish nor alter the sense of the words truly alleged in the count, there is no variance. Ibid. 376. And this is the rule laid down in the subsequent cases. *Miller* v. *Miller*, 8 Johns. 74; *Sanford* v. *Gaddis*, 15 Ill. 229.

It is insisted by the defendant, that no evidence appears in the record that the plaintiffs were husband and wife at the time of the slander. No such proof was necessary. It is enough that they were married at the time of bringing the suit, and the evidence establishes that fact. 1 Chitty's Pl. 83.

The motion for a new trial was properly overruled. The only remaining question is, did the court err in refusing defendant leave to withdraw his plea of justification? In the case of *Ayres* v. *Kelley*, 11 Ill. 17, this court held, that a defendant in trespass might of right withdraw his plea of justification. And it is undoubtedly a general rule, that a party may abandon any substantive portion of his case, or of his defense. The opposite party cannot ordinarily be injured thereby, but it is otherwise in an action for slander.

In the case of *Sloan* v. *Petrie*, 15 Ill. 425, this court held, after a full review of the authorities, that if a defendant in slander, pleads a justification with the view of injuring the plaintiff, or without any expectation of sustaining it by proof, the jury may properly consider the plea as a reiteration of the slander, and as good ground for enhancing the damages.

The defendant, in this case, filed a plea, averring the truth of the slanderous charges contained in the plaintiffs' declaration, filed his affidavit, averring the truth of his plea, and obtained a continuance of the cause. He made no attempt, on the trial, to make good his pretended justification; and, indeed, it would be difficult, from the nature of the charges, to believe he ever expected to prove them.

His plea had done all the harm it was, perhaps, intended to accomplish, and then the defendant moved for leave to withdraw it from the files, thereby depriving the plaintiffs from using it as they had a right to do, before the jury.

The plea, together with all the circumstances attending its use by defendant, was proper for the consideration of the jury, in determining upon the question of *malice*, and the *damages*; and the court properly refused to allow it to be withdrawn.

*Judgment affirmed.*