RICHARD WILBORN, Plaintiff in Error, *v.* JOHN ODELL, Defendant in Error.

ERROR TO FRANKLIN.

In an action of slander, so many of the words complained of must be proved, as will establish the slander. Other words of similar import, or equivalent words, if proven, will not sustain the action.

More words may be proved, provided they do not change the meaning.

A difference in the tense of the word proved, and that alleged, will defeat a recovery—as the use of "has," for "had."

Evidence not pertinent to the issue, may be rejected, upon request, at any stage of the trial.

It is entirely discretionary with the Circuit Court, whether it will or not admit additional proof, after a party has once closed his case.

A jury may return an oral verdict, in an action of slander.

THIS was an action of trespass on the case for slander, commenced at the April term, 1861, of the Franklin Circuit Court, by Richard Wilborn, who was plaintiff in the court below, as well as in this court, against John Odell, defendant in this court.

The declaration contains two counts. The first count contains the following words: "Dick Wilborn (meaning the said plaintiff) has been stealing my (meaning the said defendant's) corn. Wilborn (meaning the said plaintiff) stole my corn while I was gone to Shawneetown ; my wife (meaning defendant's wife) saw him (meaning the plaintiff) steal my corn ; my wife (meaning defendant's wife) saw him (meaning plaintiff) go into the crib with a sack and steal the corn."

The following words, charged to have been spoken in the hearing of William Rains, are contained in the second count : "Dick Wilborn (meaning the plaintiff) has been stealing my

corn (meaning defendant's corn) while I (meaning defendant) was gone to Shawneetown, and if I (meaning defendant) was you, (meaning said William Rains), I (meaning defendant) would make my gal quit him."

To this declaration the defendant filed a plea of not guilty.

It appears from the bill of exceptions, that the plaintiff, to prove the issues on his behalf, introduced a witness, who testified—"I had a conversation with the defendant; do n't know that I can recollect the precise words; he said Dick Wilborn had been stealing his corn. In the conversation, defendant said Dick Wilborn had been stealing his corn. Defendant also said, Dick Wilborn had stole his corn while he was gone to Shawneetown."

The defendant then moved to exclude all the foregoing evidence from the jury, and the court accordingly excluded the evidence from the consideration of the jury, to which ruling of the court the plaintiff excepted. The plaintiff's counsel then asked to be allowed to introduce further testimony before the jury, which motion was denied by the court; to which ruling of the court the plaintiff excepted. The jury then delivered the following verdict verbally, without retiring from the bar : "We, the jury, find the defendant not guilty ;" and the plaintiff thereupon entered his motions for a new trial and in arrest of judgment, for the following reasons:

Because the verdict was contrary to law.

Because it was contrary to evidence.

Because the court erred in excluding plaintiff's evidence from the jury.

Because the court erred in denying plaintiff's motion to introduce additional testimony ; but the motions for a new trial and in arrest of judgment, were overruled by the court, and the plaintiff's counsel excepted.

There are various errors assigned upon the record, but the main points relied upon, and insisted on by the plaintiff as erroneous, are first, excluding the plaintiff's evidence from the jury, instead of allowing the jury to pass upon it, with instructions from the court as to the law.

The plaintiff contends, the judgment ought to have been

30

arrested because it appears the verdict of the jury was not committed to writing by them, but was rendered verbally in open court without retiring from the bar. The plaintiff also insists, that the court erred in excluding his evidence from the jury, and refusing to allow him to introduce testimony.

R. S. NELSON, and E. V. PIERCE, for Plaintiff in Error.

The plaintiff in error relies upon the following authorities: *Mellick* v. *De Seelhoust*, Breese, 171 ; 12 Ill. 195 ; Breese, 231.

W. J. ALLEN, and G. W. WALL, for Defendant in Error.

The court properly excluded the evidence, as it was all irrelevant, and wholly failed to sustain the allegations of the declaration. *Sandford* v. *Geddis*, 15 Ill. 228 ; *Norton* v. *Gordon*, 16 Ill. 38.

After plaintiff had rested his case, it was discretionary with the court to allow or refuse further evidence—decision is not assignable for error. *Bloomer* v. *Goodner*, Breese, 63 ; *Welch* v. *People*, 17 Ill. 339.

It is sufficient for the jury to pronounce their verdict in open court, without committing it to writing. Scates' Stat., p. 260, sec. 21.

WALKER, J. There seems to be no rule better settled, than that to authorize a recovery in slander, the plaintiff must prove the words alleged, or such of them as will establish the slander charged. Other words, of like import and meaning, will not suffice. Nor is it sufficient that equivalent words or expressions are proved. But the rule does not require that all the words shall be proved, so that the slander is established by such as are laid. Nor will it be material that more words are proved than those laid in the declaration, if the additional words do not change the meaning, or do away with the charge. *Sandford* v. *Geddis*, 15 Ill. 228 ; *Norton* v. *Gordon*, 16 Ill. 38. In the former of these cases it was held, that a difference in the tense of the verb laid, and that proved, constituted such a variance as to defeat a recovery. That case is

conclusive of this, as the same variance exists in this as did in that case. In the declaration it is alleged that the defendant " has been stealing my corn," whilst the evidence was, that he said defendant " had been been stealing my corn." This is clearly within the rule, and was not sufficient to sustain the charge as laid.

Notwithstanding we may doubt the propriety of the adoption of the rule, and whilst we might, if the question was open, be inclined to establish a different one, yet the law has been too long and uniformly settled, to be now disturbed. Its adoption was no doubt introduced, because the action of slander has not been regarded with any great favor by the courts. And whilst it renders a recovery exceedingly difficult in many instances, and no doubt prevents a recovery in many meritorious cases, yet owing to the fact that the rule is unquestioned law, we are unable to alter or modify it, but must apply it as it is found.

It is urged, that the court erred in excluding the evidence from the consideration of the jury. It is of every day's practice, to reject improper evidence, and to exclude such evidence when it has been improperly admitted. It is proper where irrelevant evidence has gone to the jury, that the court should, upon the application of the opposite party, exclude it from their consideration. Evidence not pertinent to the issue should, at any stage of the trial, upon request, be excluded. It is altogether different where the evidence is pertinent, and tends, however slightly, to prove the issue. Then it is for the consideration of the jury, and the court is powerless to interfere.

It is urged as a ground of error, that the court refused, after excluding the evidence, to permit the plaintiff to introduce further proof. After the party has closed his evidence, it is altogether a matter of discretion, whether the court will permit him to give further testimony. We have no power to review the exercise of such a discretion. There is no force in this objection.

It is lastly urged, that there was error in receiving an oral verdict from the jury. Such a practice is expressly

authorized by the 24th section of the chapter entitled, Civil Procedure. (Scates' Comp. 260.) There is no force in this objection.

The judgment of the court below must be affirmed.

*Judgment affirmed.*