# CHRISTIAN THOMAS

*v.*

# LOUISA FISCHER.

1. SLANDER—*repetition of slander evidence of malice.* When slanderous words are spoken in the heat of passion, occasioned by an assault by the plaintiff upon the defendant, courts and juries will consider the infirmity of human nature, and make allowance for words spoken under such circumstances; but when the defendant, in his cooler moments, repeats the words to different persons, this stamps the slander as malicious.

2. REMITTITUR *of excess in damages—on motion for new trial.* Where a jury has passed upon a question of unliquidated damages, though the court has no right to direct the plaintiff to remit on account of the damages being excessive, yet, if the plaintiff, on a motion for a new trial being made, voluntarily remits part of the damages, the verdict for the balance must stand.

3. PLEADING AND EVIDENCE — *it is sufficient to prove that slanderous words were spoken substantially as charged.* Where the words charged in the declaration imputed lewdness and adultery to the plaintiff, and the

words proved established that, and no more or less, not by proof of equivalent words but by proving the substance of the words spoken, it was held to be sufficient, although the words were not proved precisely as charged in the declaration.

4. Where the words charged in the declaration as having been spoken by the defendant of the plaintiff were, "She is a whore," "You are a whore," and the words proved were, "She was a damned whore," "You are a damned whore," it was *held*, that the words charged were substantially proved.

Appeal from the Circuit Court of Adams county; the Hon. Joseph Sibley, Judge, presiding.

Mr. Ira M. Moore, and Mr. A. E. Wheat, for the appellant.

Messrs. Arntzen & Richardson, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action on the case, in the Adams circuit court, for slanderous words, uttered in the German language, importing, when translated into our language, that plaintiff was a whore. The plea was, not guilty. The trial resulted in a verdict for the plaintiff of sixteen hundred dollars damages, when, a motion for a new trial having been made, the plaintiff remitted one-half, and judgment was rendered for the remainder—eight hundred dollars. To reverse this judgment the defendant appeals.

The words are charged as spoken in different ways in the declaration, and it is made a point by appellant that the words, as charged, were not proved to have been spoken. There is much conflicting evidence on this point. There were many charges, in German, in the declaration, and they have been translated, and, we must presume, correctly, and, though the precise words charged were not precisely proved, they were substantially, and that is sufficient.

The plaintiff was a wife and a mother, and, for aught that

appears, respectable and chaste. To make such a charge against such a person, if wilfully done, should subject the offender to exemplary damages. The words, when first spoken, were in the heat of passion, occasioned by an assault by the plaintiff upon the defendant, for some act of his as secretary of a life insurance company, in regard to a life policy of her husband, which had been canceled without notice, as claimed. Under these circumstances, courts and juries consider the infirmity of man's nature, and make proper allowance for words spoken on such occasions; and we would not hesitate to pronounce the damages excessive, were it not that defendant. in his cooler moments, repeated the words, and to different persons. This gives character to the slander, and stamps it as malicious.

It is insisted by appellant that the plaintiff, by remitting one half the damages, thereby conceded the verdict was unjust and the damages excessive, and insists that this did not cure the error, for if the verdict was the result of mistake, passion or prejudice, it should be corrected by another jury; but in causes of contract, the rule would be otherwise. *Thomas* v. *Wormack*. 13 Texas, 580, *Nudd* v. *Wells*, 11 Wis. 407, and *Claflin* v. *Delaney*, 38 N. Y. 138, are referred to as sustaining this view, which they do, but only this far, that in a case sounding wholly in damages, and where the damages are unliquidated, the court can not order a *remittitur* as the alternative for a new trial. That a party himself may remit in such cases, is a practice so interwoven with our jurisprudence, we are unwilling to disturb it. The rule is, in our practice, where a jury has passed upon a question of unliquidated damages, though the court below may have no right to direct the plaintiff to remit, or a new trial shall be had, yet if the plaintiff himself. on a motion for a new trial being made, voluntarily remits part of the damages, the verdict must stand for the balance, and this for the reason that it is necessary an end should be put to litigation, and actions for vindictive damages not be encouraged.

Exception is taken to appellee's second instruction, which informs the jury the words need not be proved precisely as laid, and it is claimed there was no evidence going to show they were proved substantially. We think there was. The difference is this: One witness proved he said, "She was a damn'd whore," another, "You are a damn'd whore." The charge in the declaration is: "She is a whore"—"You are a whore." a difference not so great as in *Baker and Wife* v. *Young*, 44 Ill. 42, and which was sanctioned and approved.

The charge in the declaration was of words imputing lewdness, and she being a married woman, adultery. The words proved establish that, and no more or less, not by proof of equivalent words, but by proving the substance of the words spoken.

It is complained, the court erred in refusing defendant's first instruction. We think there was no error in so ruling, as the precise phraseology of the spoken words need not be proved, if the words are proved substantially as charged. Had the instruction been given as asked, it could not have failed to have misled the jury, and besides, the jury had been sufficiently instructed on the matter involved in the instruction.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*