FINDLAY McGREGOR

v.

NATHAN T. EAKIN.

</div>

1. SLANDER—WORDS ACTIONABLE PER SE.—The words "You are a God damned liar and a thief, and I can prove it," are actionable in themselves, and if proved to have been spoken, entitle the plaintiff, under a plea of not guilty, to a verdict.

2. INSTRUCTIONS.—An instruction that strict proof of the words charged as slanderous is required, is incorrect. The rule is that they shall be substantially proven.

ERROR to the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Messrs. SMITH & STEVENS and Mr. C. H. LAYMAN, for plaintiff in error; that proof of a repetition of the slander is admissible in aggravation of damages, cited 2 Greenleaf's Ev. § 418; Hatch v. Potter, 2 Gilm. 725.

As to what constitutes a repetition of the slander: Nelson et al. v. Borchenious, 52 Ill. 236.

Malice is implied in the utterance of slanderous words: Bouv. Law Dic. title "Malice;" Gilmer v. Eubank, 13 Ill. 271; Hooley v. Brooks et al. 20 Ill. 116.

Heat and passion cannot be considered in mitigation of damages: Miller v. Johnson, 79 Ill. 58.

McGregor v. Eakin.

Instructions, when taken together, should be consistent: C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499.

An instruction that if the jury believe there is a " substantial variance " etc., they should find for the defendant, is erroneous; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213.

In torts the allegations in a declaration are divisible, and a recovery may be had where a part only are proven: 1 Chitty's Pl. *387; Hite v. Blandford, 45 Ill. 9.

An averment of words spoken concerning the plaintiff would support a verdict for plaintiff, without indicating the *person* in which they were spoken: Barnes v. Hamon, 71 Ill. 609.

Mr. A. R. Pugh and Mr. Wm. J. Allen, for defendant in error; that an averment of words spoken in the third person is not supported by proof of words spoken in the first, cited Norton v. Gordon, 16 Ill. 38; Sandford v. Gaddis, 15 Ill. 229; Wilborn v. Odell, 29 Ill. 456; 2 Greenleaf's Ev. § 414.

The second instruction given for defendant was correct: Flagg v. Roberts, 67 Ill. 485.

Malice is the gist of the action: Sandford v. Gaddis, 15 Ill. 229; Zuckerman v. Sonnenschein, 62 Ill. 115; Cummerford v. McAvoy, 15 Ill. 313.

Presumption of malice may be rebutted: Bouv. Law Dic. title " Slander;" McKee v. Ingalls, 4 Scam. 30.

Circumstances tending to disprove malice may be shown: Thomas v. Dunnaway, 30 Ill. 373; Townshend on Slander § 473; Ayres v. Grider, 15 Ill. 37; The People v. Greer, 43 Ill. 213.

Anger may be considered by the jury in mitigation of damages: Thomas v. Fischer, 71 Ill. 576.

Testimony of witnesses as to what they understood defendant to mean was properly refused: Linn v. Sigbee, 67 Ill. 75; Bishop v. Gorgeson, 60 Ill. 484.

Allen, J.  Plaintiff in error brought his suit for slander in the Jackson Circuit Court, against defendant. The declaration contained three counts; the 2nd and 3d counts laid the words to have been spoken in the third person, and there being no

proof in the record to sustain any such words, it is unnecessary to notice them. To the declaration the defendant entered a plea of "not guilty."

The first count alleges that defendant spoke of and concerning plaintiff these words: "You are a God damned liar and a thief, and I can prove it;" "you are a damned thief," etc., with several other sets of words amounting in substance to the same charge of being a thief. These words are actionable in themselves, and if proven entitled the plaintiff under a plea of not guilty to a verdict. Were they proven?

W. H. McLaughlin testified that in a dispute between the parties, defendant said to plaintiff: "You are a God damned liar and a thief, and I can prove it." Charles Plater testified that defendant said to plaintiff: "You are a God damned liar and a thief, and I can prove it." John Conners testified that defendant said to plaintiff: "You are a God damned scoundrel and a thief, and I can prove it." The plaintiff testified that defendant said to him: "You are a God damned liar, and a thief and a scoundrel, and I can prove it." The defendant, in his testimony, while denying that the words as laid in the declaration were the words he used, says that he was "angry, and don't recollect what he did say." We have no hesitation in saying that the slanderous words as laid were proven, and that under the plea of "not guilty" the verdict should have been for the plaintiff. The court gave for defendant the following instructions, numbered 1 and 5:

1. "The court instructs the jury, that the allegations in the declaration, that slanderous words were spoken of and concerning a person, will not be sustained by words spoken to a person. The words must be substantially proven as laid in the declaration, and if you find from the evidence that there is a substantial variance between the words charged and the words proven, you will find for the defendant."

5. "The court instructs the jury, that in this class of cases strict proof of the words charged as slanderous, are required, and a substantial variance between the words charged in the declaration and the words uttered, would defeat the action. And if you believe from the evidence, that there was a

substantial variance between the words proven and the words charged in the declaration, you should find for the defendant."

We believe that the first propositions contained in each of these instructions is incorrect. The proposition in the first would be correct if applied to the second count, where the words were charged to have been spoken in the third person; but when applied to words as laid in the first count it is inapplicable, and was calculated to mislead the jury. If the law was as stated in the first proposition (and some authorities seem to favor that view), we think the rule as now recognized is otherwise. Thomas v. Fischer, 71 Ill. 576.

In the 5th instruction, the jury are told "that in this class of cases strict proof of the words charged as slanderous are (is) required." Now the rule, as we understand it, does not require strict proof of the words as laid, but only requires that they be substantially proven. Thomas v. Fischer, *supra*. It is true that the last proposition in both these instructions lays down the rule correctly; but how is a jury to determine by which proposition they are to be governed—the first proposition in each being inconsistent with what follows, both instructions would tend to confuse if not mislead a jury. The verdict was for the defendant; a motion for new trial by plaintiff was overruled by the court, and judgment was rendered for defendant for costs. For these reasons we think the court erred in overruling the motion for a new trial, and in rendering a judgment for defendant, and this cause is reversed and remanded.

Reversed and remanded.