ALEXANDER SWORD, SR.,

v.

JOSEPHINE MARTIN.

*Slander—Allegations and Proofs Must Correspond—Instructions.*

In an action for slander the allegations and proofs must correspond. The plaintiff must prove the words alleged in the declaration, or so much of them as will sustain his cause of action. It is not enough to prove other words of like import and meaning.

[Opinion filed June 20, 1887.]

IN ERROR to the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EVANS and T. B. HARRIS, for plaintiff in error.

To authorize a recovery in slander, the plaintiff must prove the words alleged in his declaration, or such of them as will establish the slander charged; other words of like import and meaning will not suffice, nor is it sufficient that equivalent words or expressions are proved, and words which qualify or

limit the meaning of those counted on will defeat a recovery. Welborn v. Odell, 29 Ill. 456; Crotty v. Morrissey, 40 Ill. 477; Baker v. Young, 44 Ill. 42; Norton v. Gordon, 16 Ill. 38; Schmisseur v. Kreilich, 92 Ill. 347; Albin v. Parks, 2 Ill. App. 576.

-Messrs. DOYLE, MORRIS & PIERSON, for defendant in error.

The meaning of the rule in relation to variance between proof and declaration seems to be that if the words charged to have been spoken as proved, but with the omission or addition of others not all varying or affecting their sense, the variance will not be regarded.   Berry v. Dryden, 7 Mo. 334.

It is sufficient if the words alleged and those proved are the same in substance.   Estes v. Antrobus, 1 Mo. 197.

The law does not require literal proof of the words as given in the declaration, but only proof of words of the same sense and import.   The witness will not be permitted to give merely his construction of the language used or the impression which the conversation made on his mind, without giving the conversation itself.   He must state the language used in its connection with the subject of the conversation as near as he can recollect it, and if this does not differ in its essential meaning from the words alleged in the declaration, though it may in the forms of its expression, it will sufficiently support the averment.   There is nothing more difficult than for a witness to recollect the exact language used by another, and to require this would be to defeat recoveries in actions for verbal slander in almost every instance.   Williams v. Miner, 18 Conn. 464 ; Baldwin v. Soule, 6 Gray, 321; Payson v. Macomber, 3 Allen, 69 ; Robbins v. Fletcher, 101 Mass. 115 ; Chance v. Sherman, 119 Mass. 387; Bassett v. Spofford, 11 N. H. 127; McClenloch v. Crich, 4 Iowa, 453; Desmond v. Brown, 29 Iowa, 53.

The rule in slander cases does not require strict proof of the words as laid, but only requires that they be substantially proved.   Thomas v. Fisher, 71 Ill. 576; McGregor v. Eakin, 3 Ill. App. 340; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213.

*Per Curiam.*   This was an action for slander brought by

defendant in error against the plaintiff in error. The declaration, alleging plaintiff to be an unmarried woman, charged the speaking of the following words: "John Binning knocked up Charles Martin's daughter (meaning plaintiff); she (meaning plaintiff) has gone down below to her grandmother's to have a young one." "Charles Martin's girl (meaning plaintiff) has gone to Sugar Island to have a baby." "She (meaning plaintiff) has gone to her grandmother's to have a baby." "He (defendant) heard that Charles Martin's daughter (meaning plaintiff) had a baby." Plea of general issue. Trial, verdict of guilty and assessing plaintiff's damages at $1,225; defendant moves for a new trial; motion overruled and judgment against defendant for amount of the verdict and costs. To reverse said judgment this writ of error is prosecuted. Various errors are assigned.

It is a well established rule in actions for slander, that the allegations and proof must correspond; the plaintiff must prove the words alleged in the declaration, or so much of them as will sustain his cause of action. It is not enough to prove other words of like import and meaning; equivalent words or expressions will not suffice; all of the words averred need not be proved, unless it takes all of them to constitute the slander. Words spoken affirmatively are not sustained by proof of words spoken in the way of interrogation. And proof of words spoken to a person, will not support a count for words spoken of a person. Slocumb v. Kuykendall, 1 Scam. 187; Patterson v. Edwards, 2 Gil. 720; Sanford v. Gaddis, 15 Ill. 228; Baker v. Young, 44 Ill. 42; Thomas v. Fischer, 71 Ill. 576. The words proved are, "Johnnie Binning knocked up Charles Martin's girl." Nye, witness for plaintiff testifies: "He asked me if I had heard of it; I told him no. That was about knocking up this girl; getting her in the family way is what he meant, of course. I told him no. He then said it was the general talk." Stewart, testified for plaintiff: "Had conversation at Sword's (defendant's) place last of March or 1st of April, 1884. Sword said, have you heard that Charlie Martin's daughter was knocked up. I told him I had not heard it. He said it was so. I asked him where she was and

he said she had gone down to her grandmother's, he supposed, to get rid of it. He said he heard she had been sick down there. I asked him who did it. He said they said it was Johnnie Binnings." The proof does not support either of the averments in the declaration. The averment, "Johnnie Binning knocked up Charlie Martin's daughter," is not sustained by proof that "Johnnie Binnings knocked up Charles Martin's girl." There being nothing in the declaration to indicate that the words proven referred to the plaintiff—no *innuendo* that the language employed, "Charles Martin's girl," had any reference to the plaintiff. Neither is it sustained by proof, "Have you heard that Charles Martin's daughter was knocked up? I told him I had not heard it. He said it was so." The averment "she (meaning plaintiff) has gone down below to her grandmother's to have a young one" is not sustained by proof of "she had gone down below to her grandmother's, he supposed to get rid of it." Neither does this proof sustain the averment, "Charles Martin's girl (meaning plaintiff) has gone to Sugar Island to have a baby" or the averment "she (meaning plaintiff) has gone to her grandmother's to have a baby;" or the averment "He (defendant) heard that Charles Martin's daughter (meaning plaintiff) had a baby." The court erred in not excluding the evidence from the jury on the ground of a variance between the allegations and proof. In view of what we have said and in the light of the authorities, *supra*, the instructions given for the defendant in error that authorized a recovery on proof of words, the substance and meaning of which would be the same as those averred in the declaration, or that allowed the repetition of words, the substance and meaning of which would be the same of those averred in the declaration, to be considered by the jury in estimating the amount of damages sustained by plaintiff, did not announce correct propositions of law and should not have been given.

For the errors herein indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*