## Eliza J. Richards v. Fidelia Baumgart.

1. SLANDER—*Variances Between the Proofs and the Pleadings.*— Where the allegation was, "they go along on the sidewalk by our house and try to get Otho after them," and the proof was, "they go along the sidewalk by our house and try to get Otho to go after them," *it was held* to be an immaterial variance.

2. SAME—*Proof of a Part of the Charge.*—Torts are divisible, and in slander a plaintiff may prove a part of his charge and recover if there be enough proved to constitute the slander.

3. VARIANCES—*May be Obviated by Amendment.*—Where the proof does not correspond with the allegation of the declaration, the difficulty may be obviated by amending the pleadings to fit the proof.

**Memorandum.**—Action for slander. In the Circuit Court of Woodford County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Declaration in case; plea, general issue; trial by jury; verdict and judgment for plaintiff; error by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

BRIEF FOR PLAINTIFF IN ERROR, WINSLOW EVANS, ATTORNEY; B. D. MEEK, OF COUNSEL.

The general rule as to variance is that the allegations of the pleading and proof must correspond, otherwise there is a variance. Newell on Slander and Libel, 804, 805, 808, 809; Townshend, S. & L., Sec. 363.

It is not sufficient to prove the substance of the charge merely. Rex v. Berry, 4 T. R. 217.

In actions for defamation the material and actionable words must be proved strictly, as they are alleged in the declarations. It is not sufficient to prove equivalent words. Newell on Slander and Libel, 804.

There seems to be no rule better settled than that to authorize a recovery in slander, the plaintiff must prove the words alleged, or as much of them as will establish the slander charged. Other words of like import and meaning will not suffice. Nor is it sufficient that equivalent words or expressions are proved. Wilborn v. Odell, 28 Ill. 456.

The plaintiff must prove enough of the words to amount to the substance of the charge, and this must be done by proof of the identical words laid. Equivalent words, or words of the same import, will not do. Albin v. Parks, 2 Brad. 576; Sword v. Martin, 23 Ill. App. 304; Newell on Slander and Libel, 804, 805, 808.

Barnes & Barnes, attorneys for defendant in error; J. A. Briggs, of counsel.

Mr. Justice Cartwright delivered the opinion of the Court.

Defendant in error, a girl seventeen years old, brought suit by her next friend against plaintiff in error to recover damages for alleged slander in charging her with unchastity. A trial resulted in a verdict for the plaintiff, and judgment was rendered thereon for $1,500 damages and costs.

At the trial certain answers of witnesses as to language used by defendant were objected to on the ground of variance from the words charged in the declaration and the objections were overruled. In one instance the words charged were, "they go along on the sidewalk by our house and try and get Otho after them," and the answer was, "they go along the sidewalk by our house and try to get Otho to go after them;" and in another instance the words charged were: "I have seen enough of what is going on in that house," while the answer was, "I have seen enough going on in that house." It is claimed that in each case there was

a fatal variance. In one case the witness added the words " to go " which were not found in the declaration, but they did not alter the sense of the words· charged and in such a case the fact that fewer words were charged than spoken did not constitute a variance. Spencer v. Masters, 16 Ill. 405. In the other case the witness omitted the words " of what is," which were contained in the declaration, but there is no rule which requires a plaintiff to prove all the words alleged, if enough of such words are proved to constitute the charge. Torts are divisible, and in slander, a plaintiff may prove a part of his charge and recover, if there be enough proved to constitute the slander. Wilborn v. Odell, 29 Ill. 456. The words of the witness were the same as were charged in the declaration, and the omitted words did not change the meaning, inasmuch as to see anything going on in a house is to see what is going on there.

Another objection on the ground of variance was that the words alleged were " they are strumpets, and the youngest is no better than her mother and the older one, and they are kept there for that purpose," while the witness stated the language used to be " they are strumpets, and the youngest is no better, and they are kept there for that purpose." If there was any force in the objection it was obviated by an amendment of the declaration made at the time. The amendment is not in its proper place in the transcript, being in the bill of exceptions, but it sufficiently appears that it was filed in the case. It is urged that the amendment was not effective because the words omitted by the witness were to be stricken out at the character " B," and no such character appears in the declaration. The words appeared but once in the declaration, and there being but one place where they could be stricken out, they were sufficiently designated without the character. Objection is also made because the plaintiff testified that when defendant made the above statement concerning the youngest she pointed to the plaintiff as the youngest, and the court refused to exclude such testimony. Whether it was right or not to permit plaintiff to say with what meaning defendant pointed to her, no harm was done to defendant as there was no dispute that plaintiff

was the youngest and that if the statement was made it referred to her.

It is argued that the second instruction given at the request of plaintiff would permit the jury to put together different statements made in different conversations and thereby make out a charge of unchastity, and that it should have been limited to one conversation or statements heard by one set of persons. The evidence introduced related to but one conversation which was all heard by the same persons, and therefore the instruction could not have had the effect suggested.

The defendant asked the court to give four instructions, in each of which some expression of defendant as testified to on the trial was separated from the rest of the conversation and a rule stated as to such expression alone. The court modified the instructions so asked by connecting the statements of defendant in each with the rest of the conversation upon the question whether it amounted to and was understood to charge plaintiff as alleged in the declaration. The occasion of the words and their connection with the rest of the conversation should be considered, and the modifications were necessary and proper.

We see no error in the record and we do not think that the verdict is against the weight of the evidence. The only plea was the general issue and the preponderance of the evidence on the issue made by that plea seems to be clearly with the plaintiff. The amount of damages allowed was not unreasonable under the circumstances. The judgment will be affirmed.