### Edward H. Comer v. Mary McDonnell.

#### Gen. No. 11,374.

1. ADMISSION OF EVIDENCE—*when error in, will not reverse.* A technical error in admitting evidence will not reverse where the fact which the same tended to prove was abundantly established by other competent evidence.

2. SLANDEROUS WORDS—*when proof of, sufficient.* It is not necessary that the precise words charged in the declaration shall be proven; it is sufficient if their substance has been established. Neither is it essential that all of such words be proved, if enough are established to maintain the action.

Action on the case for slander. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed December 16, 1904.

T. J. THOMPSON, for appellant.

EDWY LOGAN REEVES and H. A. TIFFANY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This suit was brought by appellant to recover damages for alleged slanderous statements claimed to have been

made by appellee. The alleged slander grew out of the following facts: Appellant is executor of the estate of one Anthony P. McDonnell, deceased, and appellee is one of the legatees. In May, 1901, appellant filed his report as executor and was ordered by the Probate Court to make distribution. He claims to have paid the other heirs, but admits that he did not and says that he could not pay appellee her share, because, being a resident of Denver, Colorado, she did not come all the way to Chicago to receive it and sign a voucher here. This is appellant's explanation of his neglect or refusal to obey the order of the Probate Court. Naturally it did not satisfy appellee, since no reason appears why appellant should not have made the payment and obtained his voucher through any reliable bank, as is probably done every day; and appellee insisted it was not his real reason for holding on to her money. At all events, undisputed evidence shows that appellant took an active interest in procuring attachments against the money of appellee in his hands in a number of suits which, it is claimed, he was chiefly instrumental in having brought against her. The first of the five attachment suits so brought was begun about a week after the order of distribution, and when the plaintiff in that suit was forced to trial he took a non-suit. Instead of then paying over the money appellant held on to it until nine days thereafter a second suit was begun in which appellant himself made the affidavit to obtain the attachment. This suit was subsequently dismissed for failure of the plaintiff to file a declaration. Later a third attachment suit was begun, appellant acting as agent for the plaintiff, which suit was also finally dismissed for the same reason. Thereafter still a fourth attachment suit was dismissed in like manner. Having been unable to get her money, appellee with indignation, which at least appears to have had a righteous foundation, expressed herself somewhat forcibly, perhaps, as to appellant's conduct. It is alleged in the declaration that she said appellant was a thief; that he had stolen a large amount of money from the estate; that he never

earned an honest dollar in his life, and that he was a defaulter as executor. Appellant thereupon brought this action on the case, suing out meanwhile an attachment in aid in his own behalf against himself, and had himself again served as garnishee, this time in his own suit. Thus he still manages to retain appellee's money in his hands, and seeks to obtain permanent possession of it as a salve to his wounded feelings. Appellee pleaded not guilty. The issues were submitted to a jury, which returned a verdict in her favor. Thereupon appellant prosecutes his appeal to this court, still further prolonging his hold on the money of appellee.

Appellant urges that the verdict is against the evidence. The jury refused to believe the evidence of appellant's witnesses, and accepted that of appellee. This they were amply warranted in doing, and we find no sufficient reason for disturbing their verdict.

It is claimed that the trial court erred in admitting two orders of the Probate Court directing appellant to make payments to appellee, which orders appear to have been entered after the alleged utterances complained of. It is said that this was evidence tending to prove the truth of the charge made by appellee in the words complained of, and that such evidence could only be introduced under a plea of justification. Technically this objection may be entitled to some consideration, although there are cases which seem to adopt a somewhat different view. There was, however, an abundance of competent evidence that appellant had not obeyed the prior order of distribution made by the Probate Court, and the evidence objected to was at the most cumulative and could not have been harmful.

Complaint is made of certain instructions. The jury were told it would not suffice for appellant to prove the speaking of other words of like meaning or equivalent words or expressions not substantially the same as those charged in the declaration, and that the burden of proof was on appellant to prove by a preponderance of the evi-

dence that appellee had made some one or more of the so-called slanderous accusations precisely as alleged. It is contended that the phraseology of this instruction is erroneous; but the action could not be maintained unless the words used were the same or substantially the same as charged in the declaration. Ransom v. McCurley, 140 Ill. 626, 630, 635. It has been held sufficient where the substance of the words spoken was proved, although not " precisely as charged in the declaration." Thomas v. Fischer, 71 Ill. 576–579. The rule appears to be that it is not necessary to prove all the words in a sentence precisely as charged, but it was not error to tell the jury that some one or more of the slanderous statements must be so proven.

Other objections to the judgment are urged, which we have considered, but we find no material error in the record. The judgment is right and it will be affirmed.

*Affirmed.*

Mr. Justice SMITH did not take part in the decision of this case.