[No. 37.  First Appellate District.—September 11, 1905.]

## GEORGE HAUB, Respondent, v. CHARLES FRIER-MUTH, Appellant.

SLANDER—CHARGE OF MURDER—WORDS ACTIONABLE PER SE—PRESUMP-
TION OF MALICE.—A complaint alleging that the defendant spoke of and concerning plaintiff in the presence of a person named and divers other persons words importing that defendant has proof that the plaintiff was guilty of the murder of a person named, states words that are actionable *per se,* and if false they are presumed to have been spoken with malice.

ID.—ALLEGATA AND PROBATA.—The words spoken must be set out in the complaint, that the defendant may have notice of the particular charge which he is required to answer; and the words proved to have been spoken, though they need not correspond with precision to the identical words set forth, must be in substance the same, or have substantially the same meaning, and enough of them must be proved to sustain his cause of action. The *allegata* and *probata* must substantially correspond, and plaintiff is not entitled to recover upon proof of words not set forth, or upon a failure to prove the slanderous words alleged in the complaint.

ID.—GRAVAMEN OF CAUSE OF ACTION—FAILURE OF PROOF.—Where, not-withstanding the use of other words in the complaint which are not slanderous *per se,* the gravamen of the cause of action is that defendant had proof that plaintiff was guilty of the murder of the person named, proof that defendant had spoken the other words and that his words did not contain any direct charge of killing or murder, and that he used other expressions not corresponding with the words spoken in the complaint, and not containing such direct charge, is insufficient to authorize a recovery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

George M. Hurlbut, and P. R. Land, for Appellant.

John B. Carson, for Respondent.

HARRISON, P. J.—Action for slander.

Judgment was rendered in favor of the plaintiff for one thousand dollars damages, and the defendant has appealed.

In his complaint the plaintiff alleges that the defendant spoke of and concerning him in the presence of one Gibson and divers other persons the following defamatory words, viz.: "I have a man to prove that George Haub struck Richard Schwartz in front of his place of business; that he had two witnesses who had tracked the bloodstains from Haub's shop to the place where Schwartz fell unconscious, and that he had proof that Haub was guilty of the murder of Schwartz." The words thus alleged to have been spoken by the defendant are actionable in themselves, and if false are presumed to have been spoken with malice.

The slander for which a civil action is authorized is defined in section 46 of the Civil Code, and the plaintiff's cause of action herein is based upon subdivision 1 of that section, which declares that a publication other than libel which falsely charges any person with crime constitutes slander. The complaint in such action may specify the crime alleged to have been imputed to the plaintiff, accompanied by the words in which the crime was charged, or it may merely set forth the words alleged to have been spoken; but in either case it must appear from the words themselves, aided, if necessary, by proper averments of their meaning and application, that the defendant charged the plaintiff with a crime. It is not sufficient to merely allege that he charged the plaintiff with having committed a certain designated crime. The words must be set out in the complaint that the defendant may have notice of the particular charge which he is required to answer.

The rule is of long standing that to authorize a recovery in such action the plaintiff must prove the utterance of the words set forth in his complaint, or enough of them to show that the defendant charged him with the particular offense constituting the slander. He is not required to reproduce

with literal precision the identical words set forth in his complaint, but those which are proved to have been spoken must be in substance the same or have substantially the same meaning. Equivalent words or words of similar import will be insufficient; nor will his cause of action be sustained by proof of words that might produce an impression similar to that which the words alleged would produce. The words shown to have been spoken by the defendant are to be construed by their own meaning and import, and not by any impression which the hearer may receive from them, unless it is both shown by proper averments in the complaint and by evidence at the trial that the defendant intended by their use to create such impression. Neither is he required to prove all of the words set forth in his complaint unless all are essential for establishing the slanderous charge, but he must prove enough of them to sustain his cause of action. In actions for slander the rule that the *probata* must correspond with the *allegata* is eminently applicable. The plaintiff is not entitled to a recovery upon proof of words not set forth in his complaint, or upon a failure to prove the slanderous words which he has alleged. It is unavailing that the evidence is such as would authorize a jury to find that the defendant intended to charge the plaintiff with the crime; their function is to determine whether he spoke the words alleged in the complaint. These principles will find support in the following authorities: 2 Greenleaf on Evidence, sec. 414; Townshend on Slander and Libel, secs. 365, 369, 371; Newell on Slander and Libel, p. 804; 13 Ency. of Plead. & Prac., p. 62 et seq.; *Fox* v. *Vanderbeck*, 5 Cow. 513; *Ward* v. *Dick*, 47 Conn. 300, [36 Am. Rep. 75]; *Wilbur* v. *Odell*, 29 Ill. 456; *Schmisseur* v. *Krelich*, 92 Ill. 347; *Ransome* v. *McCurley*, 140 Ill. 626, [31 N. E. 119]; *Sword* v. *Martin*, 23 Ill. App. 304; *Irish American Bank* v. *Bader*, 59 Minn. 329, [61 N. W. 328]; *Payson* v. *Macomber*, 3 Allen, 69; *Chace* v. *Sherman*, 119 Mass. 387; *Bassett* v. *Spofford*, 11 N. H. 127; *Merrill* v. *Peaslee*, 17 N. H. 540.

At the trial the witness Gibson referred to in the complaint testified: "The defendant stated to me that 'we' I think or 'they'—I am not positive as to the words—have a witness that saw Mr. Haub strike Mr. Schwartz; that they had a witness that saw Mr. Haub in his own butcher-shop,.

and that they also had a witness that followed Mr. Schwartz up the street as he staggered up the street. He said that Mr. Schwartz fell at the corner of the street, Union and Laguna, and there was a witness that had traced the blood back to the butcher-shop.'' On cross-examination he gave the language of the defendant as follows: ''He stated that 'they' or 'we' had a witness that had seen Mr. Haub strike Mr. Schwartz; he said he was struck in the butcher-shop and that they had a witness that saw Mr. Haub strike this man. He said there was a witness that had followed Mr. Schwartz up the block and saw him stagger all the way and fall at the corner; and also that there were two witnesses that had traced the blood back to the butcher-shop.'' Another witness (Nuhrenburg) testified that in a conversation with the defendant, in which he suggested that Schwartz had died of heart disease, the defendant replied, ''No, I don't believe he had heart disease; somebody hit him because he had a hole in the back of his head,''—and upon the witness expressing a doubt the defendant replied, ''You know that Mr. Haub and Mr. Schwartz had some business troubles and it is George Haub that hit him.'' Being asked if he was sure he said those words, the witness replied, ''Yes, sir; he did not say 'killed' or 'murdered,' but he said 'hit' him.''

The gravamen of the plaintiff's cause of action is, that the defendant falsely charged him with the murder of Schwartz; and to authorize a recovery it was necessary to prove that the defendant had spoken the words set out in the complaint in which that charge was made, viz.: ''That he had proof that Haub was guilty of the murder of Schwartz.'' If the complaint had not set out these words, or contained an allegation that they were spoken by the defendant, it would have failed to state a cause of action, since the other words do not. of themselves, or by reason of any averments in the complaint, charge the plaintiff with the commission of a crime; and proof that the defendant had spoken only those other words was equally insufficient to authorize a recovery. There is nothing in the testimony above quoted, or elsewhere in the record, which indicates that the defendant said that he had proof that Haub was guilty of the murder of Schwartz, or that he uttered any words substantially the same; and there was the direct testimony of Nuhrenburg that in his conversa-

tion with him the defendant did not use the words "killed" or "murdered."

The only testimony that the defendant, in any words spoken by him, associated the plaintiff with the death of Schwartz was that of the witness Wulzen that the defendant said to him, "Mr. Haub might have killed him anyhow," and of the witness Fanning that he said, "If you will follow up Haub pretty close you will find that this man's death came that way," and "he might have something to do with it," and the above testimony of Nuhrenburg. The testimony of Gibson that the defendant said to him that "the Schwartz case was a murder," did not connect the plaintiff with the words.

None of these expressions, however, correspond with the words set forth in the complaint, or contain words substantially the same in sense. It may be added, although irrelevant to the decision herein, that if they had been set forth in the complaint in addition to the words therein given they are conditional and argumentative in form, and do not constitute a direct charge that the plaintiff had committed any crime.

It must be held, therefore, that the evidence presented by the plaintiff was insufficient to sustain his action or to justify the verdict of the jury. It was not a case of variance, as suggested by the respondent, but was a failure of proof to sustain his allegation. (Code Civ. Proc., sec. 471.)

The judgment and order appealed from are reversed.

Cooper, J., and Hall, J., concurred.