[Civ. No. 1745.   Second Appellate District.—May 1, 1915.]

# OTTO DES GRANGES, Appellant, v. ADA DES GRANGES CRALL et al., Respondents.

LIBEL — ACTION FOR DAMAGES — PLEADING — INSUFFICIENCY OF COMPLAINT—CHARGE OF INSOLVENCY.—In an action for damages for libel based upon notices alleged to have been sent by defendants to certain corporations, and to a bank, where the complaint did not set out the words in which the notice to the bank was framed but pleaded it as, "A notice in writing, signed by them, in and by which notice in writing they wrongfully, maliciously and falsely charged that the plaintiff was insolvent, and that they were about to have him declared insolvent, and were about to have a receiver appointed of his business and affairs," and then pleaded an innuendo that it was intended by the notice to charge that the plaintiff was insolvent, a demurrer to the complaint upon the ground that the alleged libelous words did not appear in the pleading was properly sustained.

ID.—LIBELOUS WORDS—INNUENDO.—Unambiguous publication in words of common and ordinary import, containing no technical or provincial terms, is libelous *per se* or not libelous at all; and where statements which it is charged were libelous do not show upon their face that they are such, nor by a reasonable inference can they be so construed, the fact that the plaintiff pleaded an innuendo as indicating a hidden meaning to be drawn from the words, does not aid the cause of action.

ID. — ORDER SUSTAINING DEMURRER — POWER TO CORRECT. — Where the court first made an order sustaining a demurrer only as to certain of the causes of action and overruling it as to others, and later entered a corrected order sustaining a demurrer as to each of the alleged causes of action, the second order showing that the first entry was made by the clerk in the form in which it appeared through inadvertence, and reciting that the first ruling as entered was incorrect, and for that reason the minutes were ordered corrected to set forth the intended ruling of the court, there was no error in the action of the court.

ID.—SUSTAINING DEMURRER ON SPECIFIC GROUNDS—WHEN SUFFICIENT ON APPEAL.—Where the trial judge has sustained a demurrer upon certain specific grounds, the ruling cannot be disturbed on appeal where it appears that any of the objections taken to the complaint, even though they be other than those deemed valid by the trial judge, are good.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Shirley E. Meserve, for Appellant.

Avery & French, for Respondents.

JAMES, J.—Plaintiff brought this action to recover damages from defendants because of the alleged publication of certain libelous statements affecting said plaintiff. A demurrer on both general and special grounds was interposed to the complaint, which demurrer was sustained by the court and judgment followed dismissing the action after plaintiff had failed to amend his pleading. The appeal is taken from that judgment.

Four causes of action were set out in the complaint, the first three of which were based upon certain notices alleged to have been sent to certain corporations. The first was a notice to a fruit company directing them not to pay any moneys on account of the purported sale of oranges from certain land in Orange County pending an application by the defendants for a receiver to protect some claimed rights in the land upon which the oranges were grown. The second was a notice to a water company not to transfer certain shares of stock to the plaintiff, the notice stating that plaintiff was not the owner of the stock, but that he held the same for the use and benefit of the defendants. The third notice was one directed to a petroleum company instructing that company not to make transfer of a certain number of shares of stock. In general substance this notice was the same as that set out in the one described last above. The fourth cause of action was based upon an alleged written notice sent by the defendants to a bank. The words in which this notice was framed are not set out and the effect only of such words is pleaded as follows: ''A notice in writing, signed by them, in and by which notice in writing they wrongfully, maliciously and falsely charged that the plaintiff was insolvent, and that they were about to have him declared insolvent, and were about to have a receiver appointed of his business and affairs.'' Allegations followed pleading an innuendo that it was intended by the notice to charge that the plaintiff was insolvent. As to this fourth cause of action, assuming that in the absence of a special demurrer plaintiff might be permitted to

plead the libelous statements in the manner in which he did set them out, the specific point was here made that the words used were not made to appear in the pleading. The order sustaining the demurrer for that ground alone was the proper one to be entered. In the case of *Haub* v. *Friermuth*, 1 Cal. App. 556, [82 Pac. 571], that being an action for libel where the court refers to the requirements to be observed by the plaintiff in pleading his cause of action, it is said: "It is not sufficient to merely allege that he charged the plaintiff with having committed a certain designated crime. The words must be set out in the complaint that the defendant may have notice of the particular charge which he is required to answer." As to the other three alleged causes of action, an examination of the statements which it is charged were libelous does not disclose that they purport to be such upon their face, or that by any reasonable inference they could be so construed. The fact that the plaintiff pleaded an innuendo as indicating a hidden meaning to be drawn from the words, does not aid these causes of action because the alleged libelous language set out is clear and plain. "But an innuendo must not introduce new matter, or enlarge the natural meaning of words. It must not put upon them a construction which they will not bear. . . . Therefore, if the meaning of the language is plain, no innuendo is needed. The use of it can never change the import of the words, nor add to nor enlarge their sense. 'An innuendo helps nothing unless the words to which it applied have a violent presumption of the innuendo.'" (Newell on Slander and Libel, 2d ed., p. 619.) Unambiguous publication in words of common and ordinary import, containing no technical or provincial terms, is libelous *per se* or not libelous at all. (*Hearne* v. *De Young*, 119 Cal. 670, [52 Pac. 150, 499].)

Appellant makes the point that he is entitled to a reversal for the further reason that the court first made an order sustaining the demurrer only as to certain of the causes of action and overruling it as to others, and later entered a corrected order sustaining the demurrer as to each of the alleged causes of action. The second order shows that the first entry was made by the clerk in the form in which it appeared through inadvertence, and this second order recited that the first ruling as entered was incorrect and for that reason the minutes were ordered corrected to set forth the intended ruling of the court. We can see no error in this course being

pursued; in fact, it was the duty of the court, if the clerk made an improper entry, to direct a correction thereof. In the judgment it is recited that the appellant was granted sixteen days after the date of the corrected order in which to file an amended complaint and that he failed to take advantage of this permission.

It has been uniformly held, so often as to require no citation of authority to support it, that where the trial judge has sustained a demurrer upon certain specific grounds that that ruling cannot be disturbed on appeal where it appears that any of the objections taken to the complaint, even though they be other than those deemed valid by the trial judge, are good.

In this case we think that as to the first, second, and third alleged causes of action the demurrer was properly sustained for want of sufficient facts stated, and as to the fourth alleged cause of action, conceding, though not deciding, that the pleading of that cause of action was sufficient as to general facts, that upon the special demurrer of the defendants being made, plaintiff was required to set out the specific language which he alleged composed the libelous statement.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.