[No. 10,038.]

## PEOPLE *v.* KELLY.

GRAND JURY.—Where no list of persons to serve as Grand Jurors during
the year has been made by the Board of Supervisors, the Court may, under
section two hundred and twenty-six of the Code of Civil Procedure, make
an order directing the Sheriff to summon a Grand Jury forthwith.

AN ORDER TO SUMMON GRAND JURY.—An order of Court directing a
Grand Jury to be summoned, is not a part of the judgment roll, unless
made so by a challenge to the panel; and, in the absence of any showing
to the contrary, the presumption is that such order was made.

MISCONDUCT OF JURY—NEW TRIAL.—Where the Jury, in a criminal case, after they had retired for deliberation, were conducted by the officer having them in charge to the dining room of a hotel, where they remained together three quarters of an hour—one of the doors being open and accessible to strangers, and the officer being absent a few minutes at a time: *Held*, to be insufficient to constitute misconduct on the part of the jury or of the officer, for which a new trial should be granted.

IRREGULARITY BY CONSENT OF DEFENDANT.—An order of the Court, in a criminal case, made by consent of the defendant, authorizing the Sheriff to receive from the jury a sealed verdict, and upon its receipt to allow the jury to separate until the session of Court upon the following morning, is not an error of which the defendant can complain.

BILL OF EXCEPTIONS—POWER OF THE COURT TO ADD TESTIMONY.—It is within the general power of the Court to add to a proposed bill of exceptions any testimony given at the trial pertinent to the exceptions and necessary to the correct presentation of the errors assigned.

APPEAL from the County Court of Santa Barbara County.

The defendant was indicted and tried for, and was convicted of the crime of rape. He appealed from the judgment and from an order denying a motion for a new trial.

The other facts are stated in the opinion.

*W. C. Stratton* and *R. M. Dillard*, for Appellant.

*John L. Love, Attorney General*, for the People.

By the COURT:

1. The point that the Grand Jury were not drawn from a list of persons selected as required by law, is not well taken. The only showing made by the record in support of the exception, is the certificate of the Clerk of the Board of Supervisors, that no list of persons to serve as Grand Jurors during the year had been made by the Board. Section two hundred and twenty-six of the Code of Civil Procedure supplies the remedy for this omission, by providing that when jurors are not drawn and summoned, the Court " may, by an order entered on its minutes, direct the Sheriff of the county forthwith to summon so many good and lawful men of his county to serve as jurors, as the case may

require." This order would form no part of the judgment roll, except in case of a challenge to the panel of the Grand Jury; and in the absence of any showing to the contrary, we must presume it was regularly made.

2. The facts that the jury, after they retired for deliberation, were conducted by the officer having them in charge to the dining room of a hotel, where they remained together for three quarters of an hour; that one of the doors of the room was open and accessible to strangers, and that the officer in charge was absent from the room for a few minutes during the period named, are insufficient to constitute misconduct on the part of the jury or of the officer, for which a new trial should be granted. The fact that any person entered the room and conversed with any of the jurors, is emphatically denied by counter-affidavits; but if it were not, a few mere passing remarks between the jurors and strangers would not furnish ground for a new trial.

3. The order of the Court authorizing the Sheriff to receive from the jury a sealed verdict if they should agree during the night, and upon its receipt to allow the jury to separate until the session of the Court upon the following morning, would have been error if it had not been consented to by the defendant's counsel at the time it was made. Having deliberately consented to this irregular form of procedure, the defendant is in no position to complain.

4. There was no error in the action of the Judge in adding to the proposed bill of exceptions any testimony given at the trial pertinent to the exceptions, and necessary to the correct presentation of the errors assigned. This is included within the general power of the Court to settle the exceptions, and is not limited by that section of the Penal Code requiring the judge to strike from the bill of exceptions all irrelevant or redundant matters contained therein.

The evidence is amply sufficient to support the verdict, and the judgment must be affirmed. So ordered.