TERRITORY, respondent, *v.* HEXTER, appellant.

VERDICT — *separation of jury.* The separation of a jury in a criminal case, after having agreed upon a verdict, is not such misconduct as will set aside a verdict. To have this effect the court must be satisfied that the misconduct was such that it had or might have had an unfavorable effect upon the verdict.

*Appeal from Third District, Lewis and Clarke County.*

THIS cause was tried in the court below by WADE, C. J.

CHUMASERO & CHADWICK, for appellant.

This was a trial under an indictment for felony. The action of the jury in separating without leave of court before having rendered their verdict in court was in violation of section 315 of our Criminal Practice Act. See *State* v. *Parrant,* 16 Minn. 178, under similar statute.

The verdict rendered should be set aside as void. *People* v. *Kelly,* 46 Cal. 357; *People* v. *Backus,* 5 id. 275; *People* v. *Reagle,* 60 Barb. 527–546.

J. K. TOOLE, district attorney, for respondent.

The ground assigned would only be sufficient in case it could be shown that defendant was prejudiced thereby. The contrary appears affirmatively. See 2 Graham and Waterman on New Trials, 317; *People* v. *Lee,* 17 Cal. 76; *Same* v. *Bonney,* 19 id. 445; *Same* v. *Boggs,* 20 id. 432; *Same* v. *Jones,* 7 Nev. 413; *Same* v. *Harris,* 12 id. 421; *Same* v. *Cornelius,* 7 Eng. 782; *Same* v. *Mulkins,* 18 Kans. 16; 3 Park. Cr. 25.

KNOWLES, J. The defendant was tried and convicted of the crime of burglary. The jury after being duly charged by the court retired to their room in charge of a sworn officer. About five o'clock P. M. of the day that the cause was submitted to them, they agreed upon a verdict, sealed it up, and delivered it to the foreman, and then separated without any permission of the court or of the defendant, and remained separate until about nine o'clock A. M. of the next day, when they assembled and went

into the court-room and delivered the aforesaid verdict to the court as that of the jury.

The defendant assigns as error this misconduct on the part of the jury, which should set aside their verdict and reverse the judgment of the court below.

The general rule, as expressed in 1 Archbold's Pl. and Pr. 638, is this: "However improper the conduct of a jury may have been, yet if it does not appear that it was occasioned by the prevailing party or one in his behalf, or if it does not indicate any improper bias upon the juror's mind, and the court cannot see that it either had or might have had an effect unfavorable to the party moving for a new trial, the verdict ought not to be set aside."

The above rule is fully sustained by authority. See Graham and Waterman on New Trials, 547–551, where a number of authorities are collected on this point.

The point here presented is then, under this rule can the court see that this misconduct of the jury either had or might have had an unfavorable effect upon their verdict as far as the defendant is concerned? The court below could not see that it had any such effect. Neither can this court perceive where such an effect did or might have occurred. The jury did not separate until they had agreed upon their verdict. How could their subsequent separation then have affected the verdict? The question suggests the conclusive answer, it could not. There is no reason in setting the verdict of a jury aside on account of the misconduct of the jury, when no one can see how in the least there is a possibility that the verdict was influenced by such conduct.

The counsel for defendant say in their brief that no case parallel with this can be found in the books. Had they consulted Graham and Waterman on New Trials, they would have found cases there collected similar to this, and would also have found that the rule deduced from all the cases upon this point by those authors is directly opposite to that claimed by them.

The cases of *People* v. *Kelly*, 46 Cal. 357, and *People* v. *Backus*, 5 id. 275, are not in point in this case. In those, the separation of the jury occurred before the finding of a verdict.

The aim of this court, while civil society in Montana is in its formative period, unless trammeled by some controlling precedent, should be to disregard all violations of mere matter of practice that it cannot see did or may have injuriously affected the substantial rights of a defendant in a criminal action.

It is true in this case that the jury and the officer in charge of them were guilty of misconduct, for which they were responsible to the court, but how the defendant was or may have been prejudiced by such misconduct I am unable to see.

The order of this court therefore is, that the judgment of the court below be affirmed with costs.

*Judgment affirmed.*