STATE OF MINNESOTA *vs.* JOHN A. ANDERSON.

June 24, 1889.

Criminal Trial—Sealed Verdict.—Under Gen. St. 1878, *c.* 114, § 14, it is error for the court in a criminal case to instruct the jury, against the objection of the defendant, that, in case they should agree upon a verdict after the adjournment of the court for the day, they might separate and bring in a sealed verdict at the opening of the court on the following day.

Defendant having been tried and convicted in the district court for St. Louis county, before *Stearns*, J., and a jury, on an indictment for "furnishing intoxicating liquor on the Sabbath day," proceedings after sentence were stayed and the case certified to this court pursuant to Gen. St. 1878, *c.* 117, § 11.

*Moses E. Clapp*, Attorney General, and *Edmund Sherwood*, for the State.

*Edson & Hanks*, for defendant.

VANDERBURGH, J. The defendant was tried and convicted, in the district court for St. Louis county, upon an indictment for a misdemeanor. When the case was finally submitted to the jury, the court instructed them, against the objection of the defendant, that, if they failed to agree upon their verdict before the court adjourned for the day, they might, after they had agreed, have their verdict signed by the foreman, seal it, and then separate for the night, and return their sealed verdict into court at 9 o'clock in the forenoon of the following day; which direction and instruction of the court was then and there duly excepted to by the defendant. The jury, accordingly, having agreed after the adjournment and before the court convened on the following day, brought in a sealed verdict the next morning, finding the defendant guilty; having, in the mean time, separated for the night. The defendant's exception to the above instruction is the only question to be considered here. Its determination depends upon the construction of the statute. Gen. St. 1878, *c.* 114, § 14. This evidently contemplates that the jury shall be kept together, in charge of the officer, until they are brought into court, which may be when

they have agreed, or when ordered by the court; and to permit the jury thus to separate, against the consent of the defendant, was error. The irregularity would be more apparent in a case where the jury, having been allowed to separate in this way, should, upon reassembling to render their verdict, then disagree; in which case, under section 22, the court would have to send them out again to consider of their verdict; so that the jury, in that case, would in fact be permitted to separate, by the express direction of the court, before a final agreement, which was held in error in *State* v. *Parrant,* 16 Minn. 157; (178.) The practice adopted by the trial court prevails in some of the states in the absence of similar statutory provisions. *Com.* v. *Tobin,* 125 Mass. 203, and cases cited; 1 Bish. Crim. Proc. § 1002. Whether the defendant, especially in the case of a misdemeanor, might not consent to such a direction by the court, and waive the irregularity, as was the case in *People* v. *Kelly,* 46 Cal. 355, remains undecided in this court, and is not considered.

Judgment reversed, and new trial ordered.