## H. T. WOOLSEY V. THE STATE.

*No. 3672.   Decided November 14.*

1.   **Indictment—Allegation—Evidence—Variance.**—Where an indictment for arson alleged that the house burnt was occupied by defendant and one H. "as tenants," and the evidence showed that the owner rented it alone to the defendant, and that H. was a tenant of defendant and not of the original owner, *held*, that under these facts H. was a tenant in fact though not a tenant of the owner, and that there was no variance between the allegations and the proof.

2.   **Arson—Charge of Court—Evidence Insufficient.**—With reference to what constitutes arson, article 653 of the Penal Code declares, "The burning is complete when the fire has actually communicated to a house, though it may be neither destroyed nor seriously injured."   *Held*, that under this statute it was error for the court to refuse defendant's special instruction to the effect, that "if they (the jury) found that the house was simply scorched or smoked, then this would not be sufficient, and they should acquit the defendant."

3.   **Same.**—If a house is simply scorched or smoked, and the fire is not communicated to the building, the offense of arson is not complete under our statute, nor at common law.

4.   **Same.**—See the opinion for discussion *in extenso* of what constitutes arson under our statute, and evidence held insufficient to sustain a conviction for that crime.

APPEAL from the District Court of Johnson. Tried below before Hon. J. M. Hall.

This appeal is from a conviction of arson, the punishment assessed being five years in the penitentiary. The opinion sufficiently states the facts.

*English & Ewing*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was tried and convicted in the court below on an indictment containing three counts charging him with arson. These counts differed only in the allegations as to the owner of the house burned. In the third count the allegation was: "Did then and there unlawfully and willfully set fire to and burn the house of J. R. Truelove, there situate, which said house was then and there occupied by the said H. P. Woolsey and M. E. Hawkins as tenants." In his charge submitting the case to the jury the learned trial judge confined them to the above count as quoted, and the conviction was had upon this count.

It is insisted by appellant's counsel, in a very able and earnest brief, that the evidence does not support the conviction under this count, because all the proof shows that the house belonged to Truelove; that Truelove rented it alone to Woolsey, this defendant; that M. E. Hawkins was not a party to the renting by Truelove to Woolsey, and consequently was not a tenant of Truelove. It is insisted that the word "tenants," being descriptive of the identity of the offense, must be proved as alleged, even though it might be unnecessary that the pleader should have so used it. This proposition is perhaps correct. Rogers v. The State, 26 Texas Ct. App., 404. Had there been no such allegation descriptive of the offense, the rule would have been that this court would not inquire into the tenure or ownership of the occupier or the person in possession of the house, if in fact it was the dwelling of such person. Tuller v. The State, 8 Texas Ct. App., 501. The question then is, Does the proof fail to support the allegation? The common acceptation of the word "tenant" means: "One who holds or possesses lands by any kind of right; one who has an occupation or temporary possession of lands or tenements, whose title is in another; one who has possession of any place; a dweller; an occupant." Web. Dic. And this is substantially the legal definition. Bouv. Dic., "Tenant."

It will be observed that the allegation in the third count of the indictment is that the house was occupied by Woolsey and Hawkins as tenants. It is not alleged that Hawkins was a tenant of Truelove, the alleged owner of the house, and it is true that she did not unite in and was not a party to the original agreement between Truelove and Wool-

sey for the renting of the house.   The proof, however, does show that she occupied the house under an agreement with Woolsey, and was in fact a tenant of Woolsey.   She is therefore shown by the proof to have been a tenant and occupier of the house at the time of the alleged offense, and it was not necessary, under the allegation, to show that she was a joint tenant with Woolsey in renting from Truelove.

Again, it is insisted that the evidence is insufficient to establish arson—that is, arson under our statute.   Three of the witnesses for the State testified that the wall of the house was scorched and smoked, but that they could not say that the wall or ceiling had caught fire.   They also say that the floor was burned or charred in one place—a burnt place on the floor, where the fire burned partly through the floor.   Two other witnesses testified that the wall of the house was scorched or smoked, but was not burnt, and did not catch on fire.   They say that coal oil had been poured on the bed, and had been set on fire, and that it was burning up by the wall to the ceiling, but that they did not put out any fire in the house, but simply carried out the bed and bed-clothing into the yard, and extinguished the fire, which was confined to the bed-clothing, which was almost entirely destroyed.   Under our statute with regard to arson, it is declared that the burning necessary to constitute the offense is complete when the fire has actually communicated to the house, though it may be neither destroyed nor seriously injured (Penal Code, art. 653), and the court so instructed the jury in its general charge.   The court refused to give the defendant's special instruction number 2, to the effect that "if they found that the house was simply scorched or smoked, then this would not be sufficient, and they should acquit the defendant."   If the house was simply scorched or smoked, and the fire was not communicated to the building, then the offense was not complete under our statute.   If the fire had burnt a hole in the floor, as testified to by some of the witnesses, then the offense was complete.   The conflict as to whether the fire had actually communicated to the house was one which arose on the testimony of the State's witnesses.

Whether or not the fire was communicated to the house was an essential fact to be determined by the jury under appropriate instructions from the court.   To constitute arson at common law it must be proved that there was an actual burning of the house, or some part of it, though it is not necessary that any part of it should be wholly consumed, or that the fire should have any continuance.   1 Am. and Eng. Encyc. of Law, p. 760, and note 1.   So, on a charge of arson, it appeared that a small faggot was set on fire on the board floor of a room and the faggot was entirely consumed; but the boards of the floor were scorched black, but not burned, and no part of the wood of the floor was consumed.   Creswell, J., said:  "Regina v. Parker, 9 Carrington & Payne, 45, is the nearest case to the present, but I think it is distinguishable.   *   *   *   I have

conferred with my Brother Patteson, and he concurs with me in thinking that as the wood of the floor was scorched, but no part of it consumed, the present indictment can not be supported. We think that it is not essential to this offense that the wood should be in a blaze, because some species of wood will burn and entirely consume without blazing at all." Regina v. Russell, Car. & M., 541. The crime of arson is consummated by the burning of any, the smallest, part of the house; and it is burned, within the common law definition of the offense, when it is charred; that is, when the wood is reduced to coal, and its identity changed, but not when merely scorched or discolored by heat. The State v. Hall, 93 N. C., 571; The People v. Haggerty, 46 Cal., 355. .We are of opinion that the court erred in refusing the special requested instruction.

Again, we are of opinion that the evidence, which was purely circumstantial, does not establish the guilt of the defendant with that conclusive probative force which would warrant us in permitting the verdict and judgment to stand as a precedent; and on account of the insufficiency of the evidence, we are further of the opinion the court erred in not granting defendant a new trial.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.