[No. 20346.  In Bank. — January 3, 1888.]

## THE PEOPLE, RESPONDENT, *v.* A. M. THORNTON ET AL., APPELLANTS.

CRIMINAL LAW — RECEIVING EVIDENCE OUT OF COURT. — The reading by the jury, while deliberating upon their verdict, of a copy of a writing which had been introduced in evidence, but which they did not take with them when retiring for deliberation, is the reception of evidence out of court, within the meaning of section 1181 of the Penal Code.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The libel of which the defendants were convicted was contained in a pamphlet published by them, entitled "Life of Horace Bell." The further facts are stated in the opinion of Mr. Justice Sharpstein.

*C. C. Stephens, G. Gordon Adams,* and *Frank G. Finlayson,* for Appellants.

*Attorney-General Johnson,* for Respondent.

SHARPSTEIN, J. — The defendants were tried on an information for libel. They were convicted, moved for a new trial, which was denied, and from the judgment and an order denying a new trial, have appealed. One of the grounds on which they moved for a new trial is, that " the jury separated, without leave of the court, after retiring to deliberate upon their verdict."

1. The record shows that the jury retired to their room about ten P. M. to deliberate upon their verdict, and after remaining there two hours or more, and before agreeing upon a verdict, they left their room, accompanied by the officer having them in charge, and went across the street from the court-house to a restaurant and ordered supper. While that was being prepared, three of the jurors went to a bar, not more than

twenty-five feet distant from the officer and the other
jurors, and ordered some drinks, which were given to
them.   After that they rejoined the officer and the other
jurors.   They then partook of the supper prepared for
them, and returned to the court-house; but instead of
going into the jury-room, went into the court-room, and
there continued their deliberations until they agreed
upon a verdict of guilty.

Did that constitute separation within the meaning of
subdivision 3 of section 1181, Penal Code?   This ques-
tion is not a new one in this court.   In *People* v. *Bran-
nigan*, 21 Cal. 337, the court, Field, C. J., delivering the
opinion, said: " The statute regulating proceedings in
criminal cases provides that when the jury do not agree,
after a case has been submitted to them, without retir-
ing for deliberation, one or more officers shall be sworn
' to keep them together in some private and convenient
place, and not to permit any person to speak to them,
nor to speak to them themselves, unless it be to ask
them whether they have agreed upon a verdict, and to
return them into court when they have so agreed.'   And
it empowers the court to grant a new trial ' when the
jury have separated, without leave of the court, after re-
tiring to deliberate upon their verdict, or been guilty of
any misconduct tending to prevent a fair and due con-
sideration of the case.'   The object of the first provision
is to remove the jury from all improper influences in
their deliberations; and the object of the second pro-
vision is to permit a remedy where the jury have been
subjected to such influences, or been themselves guilty
of misconduct tending to affect the purity of their ver-
dict."

In that case, it appeared that while the jury had the
case under consideration, and before they had agreed
upon a verdict, they were taken by the officer who had
them in charge, to a hotel opposite the room in which
they were deliberating, to get their dinner, and while

there, the proprietor of the hotel spoke to some of the jurors and told them to convict the defendant. This, the court says, was a mere passing remark of the proprietor of the hotel, which, however improper, did not constitute misconduct of the jury.

As we construe the opinion of the court, the judgment was reversed, and the cause remanded for a new trial, on the sole ground of a separation of the jury, without leave of the court, after retiring to deliberate upon their verdict. There has been no change of the law relating to this subject since the decision of *People* v. *Brannigan, supra,* was rendered. The statute upon which that decision was based has since been incorporated into and become a part of the Penal Code.

In a much earlier case (*People* v. *Backus,* 5 Cal. 275), it appeared that one of the jurors absented himself from the jury-room for the period of two hours without leave of the court. The court held the correct rule to be, that if the separation was such that the juror might have been improperly influenced by others, the verdict should be set aside, and that the affidavit of the juror could not be admitted to purge his conduct from the imputation of corruption or impropriety.

The facts which were held in *People* v. *Brannigan, supra,* to constitute a separation of the jury are strikingly similar to those in the case now before us. We do not feel inclined to disturb the rule of that case, which, if applied here, is decisive of the question before us. A new trial on this ground should have been granted, and the order denying it must be reversed.

2. While deliberating in the court-room, one of the jurors picked up a pamphlet entitled " Life of Horace Bell," and read portions of it to the other jurors. Appellants insist that by doing so the jury received evidence out of court. It appears by the record that the pamphlet was admitted in evidence, and by consent considered read in evidence, that it might be referred to

in the arguments of counsel.   It does not appear that it was read to the jury before they retired.   The code provides that upon retiring for deliberation, the jury may take with them all papers (except depositions) which have been received as evidence in the cause.   (Pen. Code, sec. 1137.)   A defendant is entitled to a new trial "when the jury has received any evidence out of court other than that resulting from a view of the premises." (Pen. Code, sec. 1181, subd. 3.)

The charge of libel is based upon a single paragraph embracing two or three lines only of the pamphlet, which consists of many pages of libelous matter.   It is stated in one of the affidavits used on the motion for a new trial that one of defendants' counsel, in his argument to the jury, read some portions of the pamphlet.   How much or what portions is not stated.   The pamphlet was received in evidence as a whole, while parts of it only were read in the presence of the jury before they retired.   If the portions read in the presence of the jury after they had retired were not read in their presence before they retired, we think they may have received evidence out of court, as the paragraph upon which the charge of libel is based is one of the mildest of an innumerable number of libels contained in the pamphlet.   No part of it could be read without reading a libel of a very damaging character.   The propriety of permitting the jury on retiring for deliberation to take with them said pamphlet was not considered by the court or counsel. The jury did not take it with them.   They found it after they had retired.   By listening to the reading of it, we think they must have received evidence out of court, which on retiring for deliberation they *did not* take with them.   That, in our opinion, entitles the defendants to a new trial.   The questions thus far considered illustrate quite forcibly the danger of any departure by juries or the officers in charge of them from the course of conduct prescribed by the code.

The motion of defendants' counsel to have the statement of the witness Sumner that "the boy said that Stephens had given him only twenty minutes to do the job in" stricken out, should have been granted. It was hearsay evidence, and inadmissible.

The record presents no other material error, but for those above specified, the judgment and order denying the motion for a new trial must be reversed.

Judgment and order reversed, and cause remanded for a new trial.

SEARLS, C. J., and TEMPLE, J., concurred.

PATERSON, J., concurring.—I concur on the ground that the jury received evidence out of court. "*Upon retiring for deliberation,* the jury may take with them all papers (except depositions)," etc. There is significance in the words "upon retiring for deliberation," and a substantial observance of the provision will subserve a wise and just purpose. The court and the attorneys should know what papers are taken by the jury. The defendant certainly has the right to know what documents the jury desire to take with them,—or which they call for during their deliberation,—in order that he may submit to them for their consideration any other papers which may tend to explain the contents of the papers asked for. The value of this right and the importance of its enforcement is apparent in cases, like the one at bar, where only portions of the documentary evidence are read to the jury and commented on. Counsel, of course, assume that only those portions are actually before the jury, and they conduct the defense and conclude the trial accordingly.

McKINSTRY, J., dissenting.—I dissent. The statement of the witness which the court refused to strike out was made while he was at work in the printing-office of one of the defendants, upon the pamphlet containing the

alleged libelous matter. The declaration was part of the *res gestæ.* But even if error, it could not have injured the defendants.

The "Life of Horace Bell" was admitted in evidence, and was by consent considered as read. The reading of portions of the pamphlet by one of the jurors to the others was not, in my opinion, the reception of evidence out of court, within the meaning of section 1181 of the Penal Code. The evidence had been received in court. Nor can I perceive that it was misconduct in the jurors, —such as prevented a fair and due consideration of the case,—for them to read portions of a pamphlet which was in evidence, "and considered read." If there were other documents in evidence which explained the pamphlet,—or changed its effect,—that fact should have been shown by the defendants, who moved for a new trial.

Did the jury "separate"? (Pen. Code, sec. 1181.) I do not think the affidavits on motion for new trial show a separation.

In *People* v. *Kelly,* 46 Cal. 357, it was held that the facts that the jury, after they retired for deliberation, were conducted by the officer having them in charge to the dining-room of a hotel, where they remained together for three quarters of an hour, that one of the doors of the room was opened and accessible to strangers, and that the officer in charge was absent from the room for a few minutes during the period named, were insufficient to constitute misconduct on the part of the jury; there being affidavits that no person in fact conversed with the jurors.

But even if it should be conceded that the affidavits show a "separation," in that it appears therefrom that three of the jury went apart from the others a distance of twenty or twenty-five feet, the rule is firmly established that the separation of the jury is but *prima facie* ground for new trial. Its effect is always subject to be

rebutted by proof that no improper influence reached the jurors. The rule is so laid down in *People* v. *Brannigan,* 21 Cal. 337, cited in the prevailing opinion herein. And it seems to have been so ruled in Arkansas, Connecticut, Virginia, Georgia, Tennessee, North Carolina, Illinois, Indiana, New York, Mississippi, Minnesota, New Hampshire, Massachusetts, Rhode Island, New Jersey and Wisconsin.

As a general rule, a verdict cannot be impeached by the affidavit of a juryman, but such affidavit is admissible in support of the verdict. In the case at bar the motion was based on the affidavit of the defendant. Three of the jurymen, including two of the three said to have separated from the others, testified that the three were continuously in the presence and sight of the other jurors, and of the officer in charge, and not more than twenty or twenty-five feet distant from them. Further, that they did not converse with any person, and did not speak to any person, except to ask the bar-keeper for the " drinks " they desired, or in the language of one of the affidavits, to "·nominate their beverages." It does not affirmatively appear that any of them drank of that which could intoxicate, and one of the three paid for what they drank.

The evidence was amply sufficient to overcome any inference that the jurymen *might* have been approached or improperly influenced.

Moreover, it has been held that when the evidence with respect to the misconduct of a juryman is substantially conflicting, the action of the trial court in refusing a new trial will not be disturbed. (*People* v. *Anthony,* 56 Cal. 399.)

McFARLAND, J., and THORNTON, J., concurred with Mr. Justice McKINSTRY.