Roberts *v.* Lamb.

ROBERTS *v.* LAMB.

(*Nashville.*    January 12, 1894.)

.SLANDER.    *Variance between pleadings and proof.    Rule.*

In actions for defamation, the material and actionable words must be
proved strictly as they are alleged in the declaration.    It is not suffi-
cient to prove equivalent words.    The plaintiff need not prove all
the words laid in the declaration, unless it takes all of them to con-
stitute the cause of action; but he must prove enough of the words
laid to amount to the substance of the charge, and this must be done
by proof of the identical words laid.    Equivalent words, or words of
similar import, will not do.    A variance is fatal.

·Cases cited and approved: Hancock *v.* Stephens, 11 Hum., 506; Daw-
son *v.* Holt, 11 Lea, 592.

---

FROM MARSHALL.

---

Appeal in error from Circuit Court of Marshall
·County.    ROBERT CANTRELL, J.

A. N. MILLER and SWANSON & MARSHALL for
Roberts.

FUSSELL & WILKES, SMITHSON & MERRITT, and W.
J. LEONARD, for Lamb.

McALISTER, J.    The plaintiff below, Mrs. Mamie
Lamb, recovered a verdict and judgment in the
·Circuit Court of Marshall County against the de-

fendant, Sidney Roberts, for the sum of seven hundred and fifty dollars in an action of slander.

Motions for new trial and in arrest of judgment having been overruled, Roberts appealed, and has assigned errors. The only assignment of error necessary to be noticed is the following, to wit: "Because the substance of the charge is not proven, and because there is a variance between the allegations and the proof." The law on this subject is thus laid down in Newell on Defamation, Libel, and Slander, at page 804, as follows: "In actions for defamation, the material and actionable words must be proved strictly as they are alleged in the declaration. It is not sufficient to prove equivalent words. * * * The plaintiff need not prove all the words laid in the declaration, unless it takes all of them to constitute the cause of action; but he must prove enough of the words laid to amount to the substance of the charge, and this must be done by proof of the identical words laid. Equivalent words or words of similar import will not do. A variance is fatal." To the same effect are our own cases. *Hancock* v. *Stephens*, 11 Hum., 506; *Dawson* v. *Holt*, 11 Lea, 592.

It is charged in the first count of the declaration that the defendant, Sidney Roberts, falsely, maliciously, and wrongfully imputed fornication to the plaintiff, Mrs. Mamie Lamb, by saying that she had given birth to a bastard child before her marriage to Lamb, and that said child was yet

alive and about four years old, and that plaintiff was an unchaste woman.

The second count charges that the defendant, Sidney Roberts, used the following language concerning the plaintiff to wit: "That as he passed on the public highway by the plaintiff's residence, he saw plaintiff standing in the door of her husband's home, and that he saw she was in a family way, and too far gone for this to have occurred since her marriage to her husband, and said that was the cause of their separation, and of Mr. Lamb taking her home to her mother, and that Lamb had found out that his wife had been guilty of bastardy before he married her, and that they would never live together again, and he had thought, since his first knowledge of her, that she was not the right kind of a woman."

We have carefully examined this record, with a view of ascertaining whether the language laid in either count of the declaration, or a sufficient number of the words laid to constitute the charge of unchastity, fornication, or bastardy, is to be found in the evidence, and we have wholly failed to find such proof. There is proof of equivalent words or words of similar import, but none of the identical words laid have been proved.

The judgment of the Circuit Court is reversed, and the cause remanded.