[L. A. No. 2080. In Bank.—September 29, 1909.]

## BESSEY FLEET et al., Respondents, v. ADELAIDE TICH-ENOR, Appellant.

SLANDER—ALLEGATION OF USE OF SPECIFIC WORDS—SUFFICIENCY OF PROOF.—In an action for slander, where the defendant is charged with the speaking of certain specified slanderous words, it is sufficient to prove the substance of the precise words alleged. By this is meant, not that it is sufficient to show the speaking of other words which would produce an impression similar to that which the words alleged would produce, but that the words alleged, or enough of them to amount to a charge of the particular offense alleged to have been imputed, must be substantially proved.

ID.—CHARGE OF ENTERING HOUSE AND STEALING—INSUFFICIENT EVIDENCE.—An allegation of the specific slanderous words of the plaintiff that she "entered my house and stole some of my jewelry, and still has it," is not sustained by the evidence of a witness who nowhere stated that the defendant told him that the plaintiff had "entered," or "went into," or "was in" her house at all, or told him that the plaintiff "stole" any of her jewelry. And this is so, notwithstanding a further allegation "that in using the words alleged defendant meant and intended to charge the plaintiff with the commission of a felony, to wit: burglary, and defendant was so understood by those in whose hearing she so spoke as above alleged."

ID.—PROOF OF DIFFERENT WORDS—BASIS FOR MERE INFERENCE.—Where a recovery is sought for the speaking of certain specified slanderous words, the allegations of the complaint are not sustained by proof of different words which do no more than establish a basis for an inference that the defendant intended to make against the plaintiff a charge similar to that embodied in the words alleged.

ID.—EVIDENCE OF ABSENCE OF ACTUAL MALICE—PRIVILEGED COMMUNICATIONS.—In an action for slander it is proper to allow the defendant, both to show absence of actual malice for the purpose of avoiding exemplary damages, and under the defense of privileged communications, to testify as to whether or not she was actuated in anything she had said or done by any wish or desire or design or purpose to injure the plaintiff. Such testimony is competent and relevant and not immaterial, although the jury or trial judge is not bound to believe it.

ID.—UNPREJUDICIAL REJECTION OF EVIDENCE.—The refusal to admit such testimony is without prejudice, if the defendant fully testified as to her reasons in going to the persons in whose presence the alleged slanderous words were uttered, and such testimony was utterly irreconcilable with the theory of the presence of any feeling of ill-will towards the plaintiff, or any desire to injure her.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and E. C. Denio, for Appellant.

Thomas Fitch, and William A. Alderson, for Respondents.

ANGELLOTTI, J.—This is an action for damages for slander. The jury rendered a verdict in favor of plaintiffs for one thousand dollars, and judgment was entered accordingly. Defendant appeals from the judgment and from an order denying her motion for a new trial.

Two points are made for reversal.

1. The complaint alleged the making of certain charges by defendant against plaintiff Bessey Fleet to different persons at different times. The trial court held the evidence insufficient to make a case for the jury except as to one of the charges, and the specific charge upon which the verdict and judgment must rest is stated in the complaint as follows, viz.: "That on an occasion in the month of June, 1905, at said city of Long Beach, in the hearing of Dr. J. M. Holden, a physician residing in said city, defendant spoke of and concerning plaintiff Bessey Fleet the false, malicious and scandalous words following, to wit: 'Mrs. Fleet entered my house and stole some of my jewelry, and still has it'"; and also, "that in using the words alleged . . . defendant meant and intended to charge said plaintiff with the commission of a felony, to wit: burglary, and defendant was so understood by those in whose hearing she so spoke as above alleged."

The only evidence given on the trial to substantiate the allegation as to the making of this statement is that of Dr. J. M. Holden. So far as material to the question presented, he testified that Mrs. Tichenor came to his office, knowing that he was Mrs. Fleet's physician, and suggested that she thought he might be able to ascertain, when treating Mrs. Fleet, whether she had any of her jewels secreted about her person. On that occasion, she told him what jewelry had been stolen from her house. He further testified: "Well, she told me where she left the key, in a clothes bag or clothes basket,

something like that, where her soiled linen was kept. The key was kept in the bottom of that receptacle, and the key had been removed from this, and the door opened, the jewelry taken, and the door locked again, and the key put back in such a manner that she herself did not notice that it had been disturbed until a day or two afterwards. She asked if I had noticed anything when treating Mrs. Fleet, or if I could not make arrangements to make examination or to find out about her person, if I could find any of the jewels secreted about her. Mrs. Tichenor told me that the property consisted of jewelry. . . .

Q. ". . . What did she say as to Mrs. Fleet in connection with the burglary . . ."

A. "Mrs. Tichenor made the out-and-out statement it was Mrs. Fleet that had taken the jewels. I remember asking her if she really thought so, or believed so, and she said she knew it. . . . I think she made the remark that Mrs. Fleet was the only one that knew where she kept the key."

Learned counsel for defendant claims that the evidence of Dr. Holden does not constitute evidence of the slander charged, in that it does not show the speaking of words either literally or substantially the same as the words charged in the complaint to have been spoken by defendant, and that, therefore, there was a complete failure of proof. This point was made on the trial by motion to strike out the evidence of Dr. Holden, and also on motion for nonsuit.

We are satisfied that this contention must be sustained, if we are to follow the rule laid down by text-writers and decisions generally. The ancient rule that in actions of this character all the precise words alleged must be proved has been somewhat relaxed, it is true, but not to an extent sufficient to sustain the judgment in this case. It is now, and long has been, the generally accepted rule that where the defendant is charged with the speaking of certain specified slanderous words, it is sufficient to prove the substance of the precise words alleged, but by this is meant, according to the overwhelming weight of authority, not that it is sufficient to show the speaking of other words which would produce an impression similar to that which the words alleged would produce, but, as was said by Justice Taggart in the opinion rendered by the district court of appeal in this case: "Substantial

proof of the words only is required as distinguished from a literal proof of the words alleged in the complaint, as was the original rule. The rule is not that the substance of the words alleged must be proved, but that the words alleged in the declaration, or enough of them to amount to a charge of the particular offense alleged to have been imputed, must be substantially proved." In other words, so many of the words alleged in the declaration "as constitute the sting of the charge" (*Smith* v. *Hollister,* 32 Vt. 708), or so many of such words alleged as contain "the poison to the character and constitute the precise charge of slander averred" (*Lewis* v. *McDaniel,* 82 Mo. 577), must be substantially proved. It is almost universally declared that it is not sufficient to prove equivalent words, but the rule has been held in a few exceptional cases to be complied with where the proof shows words synonymous with and carrying the same specific idea as those alleged, as for instance where the words "set fire to" were alleged, the proof showed the word "burnt," and it was held sufficient (see *Merrill* v. *Pearslee,* 17 N. H. 540; see, also, *Zimmerman* v. *McMakin,* 22 S. C. 372, [53 Am. Rep. 720]). Here the specific words alleged were: "Mrs. Fleet entered my house and stole some of my jewelry, and still has it." So far as the intimation of a burglarious entry is concerned, nowhere in the evidence of Dr. Holden does it appear that defendant told him that Mrs. Fleet "entered" or "went into" or "was in" her house at all, and the utmost that his testimony shows in this regard is that, in a conversation with him, she made certain other statements from which, if believed, the inference must be drawn that Mrs. Fleet had been in the house. Nor does it appear anywhere in his evidence that defendant told him that Mrs. Fleet "stole" any of her jewelry, or that she used any word or words in that connection synonymous with "stole," and that her alleged taking of the jewelry was a stealing thereof is only an inference to be drawn from the statement in the course of the conversation of various other specific facts. This is not substantially proving the specific words alleged to have been spoken and for the speaking of which plaintiff claims damages. No case cited and none we have been able to find goes to the extent of holding that where a recovery is sought for the speaking of certain specified slanderous words, the allegations of the complaint are sustained

by proof of different words which do no more than establish
a basis for an inference that the defendant intended to make
against the plaintiff a charge similar to that embodied in the
words alleged.  As stated in *Haub* v. *Friermuth,* 1 Cal. App.
556, [82 Pac. 571] : "Neither is he required to prove all of the
words set forth in the complaint unless all are essential for
establishing the slanderous charge, but he must prove enough
of them to sustain his cause of action.  In actions for slander
the rule that the *probata* must correspond with the *allegata*
is eminently applicable.  The plaintiff is not entitled to a
recovery upon proof of words not set forth in his complaint,
or upon a failure to prove the slanderous words which he has
alleged.  It is unavailing that the evidence is such as will
authorize a jury to find that defendant intended to charge
the plaintiff with the crime; their function is to determine
whether he spoke the words alleged in the complaint." This
rule is sustained by practically all the authorities, and the
few that we cite are only examples of the general course of
decision.  (*Roberts* v. *Lamb,* 93 Tenn. 343, [27 S. W. 668] ;
*Gray* v. *Elzroth,* 10 Ind. App. 587, [53 Am. St. Rep. 400, 37
N. E. 551] ; *Estes* v. *Estes,* 75 Me. 478; *Comerford* v. *West
End Co.,* 164 Mass. 13, 41 N. E. 59; *Kimball* v. *Page,* 96 Me.
487, [52 Atl. 1010] ; *Schmisseur* v. *Kreilich,* 92 Ill. 347; *Smith*
v. *Hollister,* 32 Vt. 695; *Linville* v. *Earlywine,* 4 Blackf.
(Ind.) 468; Newell on Slander and Libel, p. 804; 13 Ency. of
Pl. & Pr., p. 63; 25 Cyc. 485.)

We cannot see that it avails plaintiff in this connection that
she further alleged "that in using the words alleged . . . de-
fendant meant and intended to charge said plaintiff with the
commission of a felony, to wit: burglary, and defendant was
so understood by those in whose hearing she so spoke as above
alleged." Without proof that she spoke the words alleged,
this allegation has no application.

As was said by the district court of appeal in this case:—

"Under the liberal rule relative to the allowance of amend-
ments to pleadings in most jurisdictions a variance may easily
be corrected, if the evidence is objected to upon its introduc-
tion, and thus the apparent hardship of the rule may be
relieved from in all cases where a probable cause of action
exists.  (*Ranson* v. *McCurley,* 140 Ill. 626, [31 N. E. 121].)

"There need not be a failure of justice even though the discovery of the variance is not made until the reversal of the judgment, if the case be otherwise a proper one. (*Kenney* v. *Parks,* 137 Cal. 527, [70 Pac. 556] ; Code Civ. Proc., sec. 355.) And thus injustice need be done to no one having a cause of action by maintaining in its integrity the rule that the defendant shall be answerable only for the words spoken by him and that the jury may find a verdict for damages only upon the slanderous words spoken."

2. The trial court sustained objection to two questions asked the defendant as to whether or not she was actuated in anything she had said or done by any wish or desire or any design or purpose to injure plaintiff. The questions were proper, both to show absence of actual malice for the purpose of avoiding exemplary damages and under the defense of privileged communication, and the court erred in overruling them. The general rule is well settled that, under our system, a witness may be examined as to the intent with which he did a certain act, where that intent is a material thing in the action. A jury or trial judge is not bound, of course, to believe the witness when he says he did not have a certain intent, but may find in the circumstances, actions, and language an entirely different intent, but the testimony of the witness "is competent and relevant and not immaterial." (See *Walker* v. *Chanslor,* 153 Cal. 118, 125, [126 Am. St. Rep. 61, 94 Pac. 606], and cases cited.) But we are satisfied that these errors were not prejudicial to defendant's case. She testified very fully as to her reasons for going to Dr. Holden and various other parties, and her testimony was utterly irreconcilable with the theory of the presence of any feeling of ill-will towards plaintiff or any desire on her part to injure her in the slightest degree. It is manifest upon a review of the evidence actually given by the defendant that the further express statement by her to the effect that she had no desire or intent to injure plaintiff could not have changed the views of the jury or affected the result. (See *Spinks* v. *Clark,* 147 Cal. 439, 451, [82 Pac. 45].)

The judgment and order denying a new trial are reversed.

Shaw, J., Sloss, J., and Henshaw, J., concurred.