[Civ. No. 3039.   First Appellate District, Division Two.—September 16, 1919.]

MARCEL CARL, Respondent, v. D. McDOUGAL, as Administrator, etc., Appellant.

[1] CRIMINAL LAW — FORGERY—INTENT TO DEFRAUD ESSENTIAL ELEMENT.—In criminal prosecutions for forgery, the intent to defraud is not only an essential element of the crime of forgery, but is an essential element of every indictment for forgery.

[2] SLANDER—CHARGE OF FORGERY—ACTION FOR DAMAGES—PLEADING. The charge of forgery necessarily includes all the elements of the crime; therefore, in an action for damages for slander, it is sufficient to allege in the complaint that the defendant accused the plaintiff of having forged the former's name as the indorser of a certain check, without alleging that the slanderous words were used with the intention of charging that the plaintiff had forged the indorsement intending thereby to defraud.

[3] ID.—DEFINITION OF FORGERY — PROPER INSTRUCTION.—In such action the court did not commit error in defining to the jury the offense of forgery, it having previously properly instructed them that they must determine whether or not the defendant charged the plaintiff with the crime of forging his name to a check. If such a charge was made, it was slanderous.

[4] ID.—SUFFICIENCY OF PROOF.—In such action, the charge of slander is sufficiently proved by testimony that the defendant, in speaking of the plaintiff, said to one person that "He forged a check on me," and to another that "He had a check which he forged his name to it." Slander is established if enough of the words alleged as constitute the sting of the charge and contain the poison to the character are substantially proved.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. F. Oster and Peyton H. Moore for Appellant.

W. C. Shelton for Respondent.

BRITTAIN, J.—In a suit against Theodore Wiesendanger the plaintiff, Marcel Carl, was awarded a verdict for three hundred dollars actual and seven hundred dollars punitive damages for slander. Wiesendanger appealed from the judgment entered upon the verdict. After the death of the appellant, upon suggestion, the administrator of his estate was substituted.

The complaint was in two counts, and in it the plaintiff in substance alleged the defendant had to two different persons, then the employers of the plaintiff, on the same day

2. Sufficiency of complaint in action for slander with respect to averments of publication and of time and place, note, Ann. Cas. 1918B, 504.

but at different times accused the plaintiff of having forged the defendant's name as the indorser of a certain check. The appellant makes six specifications of error, which may best be discussed in what appears to be their logical order. They are closely related and all refer to the allegation that the defendant said: "Mr. Carl is a forger. He has forged my name to a check and I have a lithographed copy of the check in my office."

[1] In criminal prosecutions for forgery, the intent to defraud is not only an essential element of the crime of forgery, but is an essential element to every indictment for forgery. (*People* v. *Turner,* 113 Cal. 278, [45 Pac. 331]; *People* v. *Smith,* 103 Cal. 563, [37 Pac. 516].) [2] In reliance upon this strict rule of criminal pleading, the appellant contends the complaint in the present case was fatally defective, in that it contained no allegation that the slanderous words were used with the intention of charging that the plaintiff had forged the indorsement intending thereby to defraud. If the words were slanderous, the intention with which they were used is immaterial, except, possibly, upon the question of exemplary damages. The rule relied upon by the appellant binds him. The charge of forgery necessarily includes all the elements of the crime. If the defendant accused the plaintiff of forgery or said the plaintiff had forged a check, he accused the plaintiff of a felony. It is not necessary that the language used should be chosen with the technical nicety required in an indictment. (*Mitchell* v. *Sharon,* 51 Fed. 424, 425.) Under the contention of the appellant none but those trained to observe the technicalities of criminal procedure would be able to slander their neighbors, and they would know how to limit their statements so they might do the wrong and avoid its consequences. Where one accuses another of having forged his name to a check, the language can mean nothing other than that the person accused has been guilty of a felony.

[3] The appellant contends the court erred in instructing the jury that in order to enable them to determine whether the language used by the defendant amounted to an accusation of the crime of forgery, he would define for their purposes the offense of forgery, and, in further instructing them that "Section 470 of the Penal Code provides in effect that every person who with intent to defraud signs the name of

another person or of a fictitious person, knowing that he has no authority so to do, to a check, commits a forgery.'' The appellant argues that there was no allegation in the complaint that the language used was to be construed in any other manner than according to its plain and literal meaning, and that it was the duty of the trial court to construe the language. This the court did in defining forgery. He had previously properly instructed the jury that they must determine whether or not the defendant charged the plaintiff with the crime of forging his name to a check. If such a charge was made, it was slanderous. (*Childers* v. *San Jose Mercury,* 105 Cal. 284, [45 Am. St. Rep. 40, 38 Pac. 903]; *Smullen* v. *Phillips,* 92 Cal. 408, [28 Pac. 442].)

[4] The appellant contends there was a fatal variance between the words alleged and those proved. Neither of the two witnesses to whom the statement was made testified that the defendant said, ''Mr. Carl is a forger,'' but one testified the defendant said of Carl: ''He forged a check on me,'' and the other, that the defendant said: ''He had a check which he forged his name to it.'' The appellant relies on those cases which hold that in a civil suit for slander the plaintiff must prove the use of the slanderous words, and that it is unavailing that the jury imputes a slanderous meaning to other words. (*Fleet* v. *Tichenor,* 156 Cal. 343, [34 L. R. A. (N. S.) 323, 104 Pac. 458]; *Haub* v. *Friermuth,* 1 Cal. App. 556, [82 Pac. 571].) The rule is unquestionable and was properly applied in those cases. In the Fleet case the charge was that the defendant had said the plaintiff ''stole'' certain jewelry. The evidence was that the defendant said the plaintiff had ''taken'' the jewelry. The word ''taken'' does not imply the commission of a crime. The statement that a man has forged a check can imply nothing else. The appellant testified he had not made the statement. The jury believed the other witnesses. The statements of the plaintiff's witnesses were within the rule that slander is established if enough of the words alleged are substantially proved as constitute the sting of the charge and contain the poison to the character. (*Fleet* v. *Tichenor,* 156 Cal. 346, [34 L. R. A. (N. S.) 323, 104 Pac. 458]; *Smith* v. *Hollister,* 32 Vt. 708; *Lewis* v. *McDaniel,* 82 Mo. 577; *Merrill* v. *Peaslee,* 17 N. H. 540; *Zimmerman* v. *McMakin,* 22 S. C. 372, [53 Am. Rep. 7].)

The appellant claims the court erred in refusing to give two requested instructions and in giving another. His argument on those points is based upon the same grounds and the same rules and authorities which have been discussed. An examination of the record and all the instructions leads to the conclusion that the instructions given were fair to the defendant, complete and in accord with the law that in such actions enough of the words alleged must be proved to contain the sting of the charge and that all the words charged need not be proved.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.