[Civ. No. 3781. Third Appellate District.—May 20, 1929.]

DAVID L. RINGLAND et al., Respondents, v. ELSIE HOCKENSMITH et al., Appellants.

Sherman & Sherman for Appellants.

Loraine B. Beyer and Carl B. Sturzenacker for Respondents.

PLUMMER, J.—This appeal presents for our consideration an action wherein it is alleged in the complaint that the defendant Elsie Hockensmith, on or about the twenty-sixth day of May, 1925, spoke to one L. Chalfant, of and concerning the plaintiffs, the following words, to wit: "If you will watch the premises at 730 Spence Street you will find that these people are peddling whiskey or peddling dope." The plaintiffs in their complaint allege that by reason of the use of said words by the said Elsie Hockensmith, of and concerning them, they were damaged in the sum of twenty-five thousand dollars. Upon the trial of the action judgment was awarded in favor of the plaintiffs as against the defendant Elsie Hockensmith in the sum of one thousand dollars. From this judgment the defendants appeal.

While several grounds for reversal are alleged, the consideration of two of them will sufficiently dispose of all the issues here presented, to wit: First, as to whether the proof substantially corresponds with the allegations of the complaint, and, second, the alleged errors of the court in the admission of testimony. The record shows that the plaintiffs and defendants occupied apartments in a certain bungalow court in the city of Los Angeles; that on the twenty-sixth day of May, 1925, the defendant Elsie Hockensmith called to the apartment occupied by the defendants a police officer by the name of L. R. Chalfant, and complained to him of the use of an incinerator by the plaintiffs at number 730 Spence Street, and also complained to said Chalfant of the keeping of a barking dog by the said plaintiffs at their premises, which very much annoyed herself and her husband. The testimony of L. R. Chalfant is in substance as follows: That he went to the residence of the defendants, pursuant to a call, to investigate the use of an incinerator by the plaintiffs; that after a conversation about the incinerator he stepped into one of the rooms occupied by the defendants; that the said Elsie Hockensmith invited him to sit down, and then said, if I would keep my eyes open I would be able to see something. I said, "What do you mean?" She said, "These people over there are either handling booze or dope because they get up along about 2 to 4 o'clock in the morning and leave here and I don't know what they are doing unless they are handling that." It appears that the

names of the plaintiffs were not mentioned, but the following question and answer indicates to whom reference was made: "Question by the Court: Did she say in her conversation that it was the people in the house where the incinerator was? A. Yes." Upon cross-examination the witness further testified: "She said, 'If you will watch those people you will see them; I think they are peddling dope or booze.'"

Without setting forth further of the testimony of this witness, which is in line with what we have just quoted, it appears to us to sufficiently conform with the rule which requires the substance of the words alleged to be proved; not merely that other words which correspond in substance, but a sufficient number of words alleged, as is stated in the case of *Fleet* v. *Tichenor*, 156 Cal. 343 [34 L. R. A. (N. S.) 323, 104 Pac. 458], to wit: "In an action for slander, where the defendant is charged with the speaking of certain specific slanderous words, it is sufficient to prove the substance of the precise words alleged. By this is meant not that it is sufficient to show the speaking of other words which has produced an impression similar to that which the words alleged would produce, but that the words alleged, or enough of them to amount to a charge of the particular offense alleged to have been imputed, must be substantially proved." (See, also, 16 Cal. Jur. 97, sec. 67.) Without further elaboration we hold that the objection of variance is not well taken. That the court erred in the admission of testimony as alleged by the appellants appears to be clearly and distinctly established. Over the repeated objections of the defendants, which were followed by timely motions to strike out, which were denied, the court permitted the following testimony to be introduced: A witness called for the plaintiff, by the name of Jack Gaines, who appears to have been acting for a certain Mrs. Haley, who was the owner of the premises occupied by the plaintiffs, was permitted to testify, as to matters which occurred out of the presence of the defendants, and which was entirely hearsay testimony, as follows: "On May 26, 1925, I resided at 720 Spence Street, and am acquainted with the plaintiffs and defendants in this case. I am a newspaperman, and on the 26th day of May, 1926, had a conversation with Mr. Ringland. Mr. Ringland, his wife and myself were present. Mrs. Haley

phoned me at my office and said they were having a little trouble there, that there had been a police officer over there, and advised me that one of our tenants on the property was indulging in the sale of narcotics and liquor, and asked if I would leave my office and come right home and handle the matter for her. I arrived home and Mrs. Haley told me that officer Chalfant had been called from the Boyle Heights division and that Mrs. Hockensmith had advised this officer by indicating the Ringland home, where they had been living, they had been selling narcotics and booze, and that if he would keep his eyes open he would learn that they were engaged in that business. At that time I said to Mrs. Haley, "If you own this property you better ask the people for your property.' I said to Mr. and Mrs. Ringland when I went over there for Mrs. Haley, 'You have been accused of peddling booze and dope and if you are engaged in that kind of traffic, we do not allow that on the property and would like to have the property now.' Mr. Ringland asked the source of my information. I told him that officer Chalfant had advised Mrs. Haley that he had been in discussion of this matter with one of our neighbors and that Mrs. Hockensmith had made the accusation."

The witness Eva P. Haley, called for the plaintiff, testified as follows: "I reside at 720 Spence street. I first met officer Chalfant when he came to my house on May 26, 1925, in the forenoon, and had a conversation with him at that time. My daughter, Mrs. Fuller, who lives with me, was present. Officer Chalfant came to my house and asked me if I knew the business of Mr. Ringland who lived at 730. I told him that he was a driver for the Crescent Creamery. He said, 'I have been informed that he is selling booze and peddling dope.' I asked him where he got his information. He said, 'Mrs. Hockensmith, who lives in the house directly back of you.' Mrs. Fuller asked him some questions. She asked him if that was not libelous." Question by the Court: "Who asked you? A. My daughter, Mrs. Fuller, asked officer Chalfant at the time that he was there in our house and had told me that he had been informed that these people were selling booze and peddling dope, and my daughter asked me if that was not a slanderous statement, unless they were doing—unless they were peddling booze. He said, 'If it were my family I should certainly consider it so.'" Other

hearsay testimony was also introduced along somewhat similar lines.

 That this testimony was inadmissible we think requires no argument, nor much citation of authority. In 37 C. J., page 151, on the subject of libel and slander, the rule is stated in relation to the admission of evidence in slander cases as follows: "The general rules in regard to presumptions and burden of proof apply in prosecution for libel or slander. The burden is upon the prosecution to show every fact essential to the commission of the crime. The general rules governing the admissibility of evidence are applicable in prosecutions for libel or slander. The evidence must be relevant, and must not come within the prohibition of the hearsay rule." (Citing a number of authorities.) To the same effect are the cases of *People* v. *Thornton,* 74 Cal. 482 [16 Pac. 244]; *Morris* v. *Lachman,* 68 Cal. 109 [8 Pac. 799]; *Carpenter* v. *Ashley,* 148 Cal. 422 [7 Ann. Cas. 601, 83 Pac. 444]. In the Carpenter case it was held that newspaper recitals of the alleged slanderous words were properly excluded under the rules which we are discussing that what others may have said about what the defendant in the slander case is alleged to have said, is inadmissible. That there was a sharp conflict between what the officer, called as a witness for the plaintiffs, recited as the conversation he had with the defendant Elsie Hockensmith, and what said defendant claims was the conversation, appears from the following excerpt taken from her testimony: After stating that the officer had been called on account of the burning of refuse in the incinerator referred to, this witness testified that there was this further conversation: "Yes," I said, "those dogs—this dog annoys my husband; he is a working-man and has to have his rest, and the other people in the neighborhood don't care whether they have rest or not." I said, "My husband has to have his sleep." I said, "There are some people around here that' don't work, and the dogs annoy us." He said, "What do you mean, 'not work'?" I said, "Well, we have to have our rest." So then he said, "Don't work for a living, hard?" I said, "I don't know; they don't act like it; they don't seem to get their rest." He said, "What do you mean, they don't work hard, they bootleg or peddle dope?" I said, "I don't know." This witness claimed that she made no further

reference to bootlegging or peddling of dope by the plaintiffs, and did not use the words testified to by the witness Chalfant. We might further add that the cross-examination of the witness Chalfant, which we have not set forth herein, indicated that he was not quite definite as to the words alleged to have been used by the defendant Elsie Hockensmith, but assuming that the exact words or the substance of them were testified to by him, the testimony of the two witnesses referred to is in direct conflict, and under such circumstances, section 4½ of article VI of the Constitution cannot be held applicable. The record shows that the court participated in bringing out the objectionable testimony, overruled all of the defendants' objections thereto and denied their motions to strike it out. Under such circumstances we cannot conclude that the hearsay testimony was not given consideration by the court in arriving at its conclusions.

As the cause must go back for a new trial, it is unnecessary to consider the question of the alleged excess of damages.

The judgment is reversed.

Thompson (R. L.), J., and Finch, P. J., concurred.