Renee Harris BRUNELLE,
Plaintiff—Appellant,

v.

**GE CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC., Defendant—Appellee.**

No. 08–55453.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 19, 2009.

Roger L. Heaton, Esquire, Goode Hemme Peterson & Sayler, San Diego, CA, for Plaintiff–Appellant.

Jeremy A. Roth, Esquire, Lena K. Sims, Esquire, Littler Mendelson, San Diego, CA, for Defendant–Appellee.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

Renee Harris Brunelle ("Brunelle") appeals the district court's order granting summary judgment to Defendant Compucom [1] on Brunelle's claims for breach of contract, intentional infliction of emotional distress ("IIED"), negligence, and intentional interference with prospective economic advantage.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Brunelle's contract claim fails because the future employment position allegedly offered to her was at-will, and Brunelle has not shown sufficient cognizable damages in reliance on the offer of future employment. The cases that Brunelle cites are distinguishable because they involve plaintiffs who incurred significant costs, including quitting jobs and moving long distances, in reliance on an offer of employment. *See Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1270 (9th Cir.1990); *Sheppard v. Morgan Keegan & Co.*, 218 Cal.App.3d 61, 266 Cal. Rptr. 784, 785–86 (1990).

█ The district court properly granted summary judgment to Compucom on Bru-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Brunelle erroneously sued GE Capital, which was acquired by Compucom in Decem-

ber 2004. Compucom has not objected to the misnomer.

2. The parties are familiar with the facts of this case and we do not repeat them here except as necessary to explain our disposition.

nelle's IIED and negligence claims because the claims are derived from a statement made by Ryan Ruwe ("Ruwe") to Manpower regarding the undisputed discrepancy between Brunelle's security badge records and her personal time records. Brunelle challenges and complains about the inference that Manpower apparently drew from the discrepancy, but she cites no case in which a similar statement has given rise to IIED or negligence liability, and we do not think such liability arises from the applicable state law. Brunelle asserts that Ruwe had a duty to investigate further before relating the discrepancy to Manpower. However, the primary case Brunelle cites is distinguishable. In *Kelly v. General Telephone Co.*, 136 Cal.App.3d 278, 186 Cal.Rptr. 184 (1982), the California Court of Appeal considered a demurrer and had to take as true plaintiff's allegation that a supervisor maliciously accused plaintiff of forgery and misuse of company funds. *Id.* at 186. By contrast Brunelle here appeals a summary judgment order, so she must have presented to the district court evidence that creates a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That was not done. Because Brunelle has not presented any evidence that what Ruwe said was false, let alone maliciously false, Brunelle has not created a triable question of fact regarding her IIED and negligence claims.

■ The Supreme Court of California has held that to succeed on a claim for intentional interference with prospective economic advantage, a plaintiff must plead and prove a legally cognizable wrong apart from the alleged interference. *See Reeves v. Hanlon*, 33 Cal.4th 1140, 17 Cal.Rptr.3d 289, 95 P.3d 513, 519–20 (2004); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740, 751 (1995). Brunelle has not

created a triable issue of fact regarding any of her other claims, so the district court properly granted Compucom summary judgment on Brunelle's tortious interference claim. *Reeves*, 17 Cal.Rptr.3d 289, 95 P.3d at 519–20.

Although we conclude that the district court properly granted summary judgment as to all of Brunelle's claims, we hold that this appeal was not frivolous and we reject Compucom's motion for sanctions. *See In re Becraft*, 885 F.2d 547, 548 (9th Cir.1989) (appeal is frivolous only if result is obvious or arguments are wholly without merit).

The district court's order granting summary judgment to Compucom is **AFFIRMED**; Compucom's motion for sanctions is **DENIED**.